CASE 38—INDICTMENT—SEPTEMBER, 1884.

# The Commonwealth v. Perry Prewitt.

82 240
e115 594

APPEAL FROM MARION CIRCUIT COURT.

1. Under an indictment for robbery the court erred in refusing to instruct the jury that the defendant might be convicted for simple larceny.
2. Robbery being a higher grade of crime than larceny, under the Criminal Code the former includes the latter.

FINLEY SHUCK, COMMONWEALTH'S ATTORNEY, AND P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLANT.

The instructions asked for by appellant were under the "sliding scale," allowing the jury to find the appellee guilty of robbery or grand larceny. The court erred in refusing to so instruct. (Whart. Crim. Law, section 862; Crim. Code, sections 262, 263.)

No brief for appellee.

CHIEF JUSTICE HINES DELIVERED THE OPINION OF THE COURT.

This is an indictment charging robbery with evidence tending to show larceny. From a verdict of acquittal, the Commonwealth appeals in order to establish the law for guidance in future cases. The court properly instructed the jury as to what constitutes robbery, but refused to instruct that, if the accused was found to have been guilty of larceny, they might affix the penalty prescribed for that offense. The question presented is whether larceny is a degree of the offense of robbery. The Code provides, section 262: "Upon an indictment for an offense consisting of different degrees, the defendant may be found guilty of any degree not higher than that charged in the indictment, and may be found guilty of any offense included in that charged in the indictment." Section 263 provides: "The offenses named in each of the subdivisions of this section shall be deemed degrees of the same offense

in the meaning of the last section." The third subdivision of that section is: "All offenses of larceny."

Our statutes do not undertake to define either robbery or larceny. For their meaning we must have recourse to the common law. Blackstone defines robbery to be the felonious and forcible taking from the person of another of goods or money to any value, by violence or putting him in fear. This is designated as mixed or compound larceny. Simple larceny is the felonious taking and carrying away of the personal goods of another. Choses in action, such as bonds, bills and notes, not importing any property in possession, were held not to be the subject of larceny. Hence our statutes making the taking of such things larceny. The principal ingredient in each is the taking of the personal goods of another, without his consent, and with the intention on the part of the one taking to convert them to his own use. Larceny is the generic term, robbery being specific and of a higher grade than simple larceny because of the element of force or fear entering into it; larceny is of a lower degree of the same offense as that charged in the indictment, and, therefore, punishable under the Code, as quoted. The court below erred in not instructing the jury that under the indictment for robbery a conviction for simple larceny might be had.