CASE 71—INDICTMENT AGAINST FRANK JONES FOR ROBBERY.—MAY 20.

# Jones v. Commonwealth.

### APPEAL FROM FAYETTE CIRCUIT COURT.

DEFENDANT CONVICTED AND APPEALS. REVERSED.

ROBBERY—TAKING BY STEALTH—RETENTION BY FORCE—INSTRUCTIONS.

Held:  1. On a trial for robbery, an instruction that if the defendant by stealth got possession of money of the prosecuting witness by taking it from his person, and before defendant had secured the money the witness discovered the taking, and by force attempted to regain possession of it, and defendant by physical force prevented witness from retaking it, and either retained it himself or fraudulently transferred it to another, it was a taking by force, was error, since, to constitute robbery, the force or putting in fear must precede or accompany the act of taking.

JULIAN B. BOURNE, FOR APPELLANT.

Our contention is, that in a prosecution for robbery, it must be shown that the violence or force used must either precede or accompany the taking.

Where money is taken by stealth and after it is so taken the owner discovers it and undertakes to recover it by force, which is forcibly resisted by the guilty party, it is not robbery but larceny.

### AUTHORITIES CITED.

Com. v. Prewitt, 6 R., 195; Hanson v. State, 43 Ohio St., 377; Thomas v. State, 91 Ala., 34; Shinn v. State, 64 Ind., 13; Roberson on Cr. Law, sec. 290; Clark on Cr. Law, p. 285; 2 Wharton, sec. 1700; 4 Blackstone, 242; Archbold Cr. Pr., p. 508; Russell on Crimes, vol. 2, sec. 108; Roscoe Cr. Law & Ev., p. 924; Harris Cr. Law (3d ed.), p. 178; McLain on Crim. Law, 1 vol., sec. 469; Farming v. State, 66 Ga., 167; State v. Jones, 5 Jones, (N. C.), 163; People v. McGinty, 24 Hun., (N. Y.), 62; State v. Deal, 64 N. C., 270; State v. Gohram, 55 N. H., 153; State v. Miller, 53 Kan., 324; Clary v. State, 33 Ark., 561.

Jones v. Commonwealth.

M. R. TODD, FOR APPELLEE.

CLIFTON J. PRATT. OF COUNSEL.

The appellant complains of the following instruction given by the court, which we think embodies the law, viz.:

"If the defendant, by stealth merely got and retained or transferred to the possession of another, money, the property of A. B. Tilton, this was not a taking by force. If the defendant by stealth got possession of money, the property of A. B. Tilton by taking the money from the person of said Tilton, and immediately before the defendant had secured the money to himself or transferred it to another, said Tilton discovered the taking, and then and there by the use of physical force attempted to regain possession of the money, while said money was in the possession of the defendant, and the defendant then and there by the use of physical force prevented said Tilton from retaking the money, and either retained it himself or fraudulently transferred it to the possession of another, this was a taking by force.

This instruction is in harmony with the recent decisions of this court. Jones v. Com., 23 R., 2081, A. & E. Ency. of Law, vol. 21, pp. 414, 418; 82 Ky., 240; 97 Ky., 267; 20 R., 850; 22 R., 515.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

The indictment charges that the appellant "did unlawfully, willfully, feloniously, and with force and violence, and by putting in fear one A. B. Tilton, take from his person and presence ten dollars in United States currency, bank notes, gold and silver, coin, commonly known as money, the personal property of A. B. Tilton, with the felonious intent to permanently deprive the owner thereof, and to permanently convert the same to his own use." On the trial of the case A. B. Tilton, referred to in the indictment, testified that he was in the betting shed of the Kentucky Trotting Association, looking at the pool sellers' bulletin; that he had $10 in his vest pocket; that the defendant was standing in front of him, with his back to him; that while in that position he felt something touch his breast; that

he immediately grabbed and looked down, when he saw defendant's hand, which he had grabbed, was 12 or 14 inches from witness' vest pocket; that defendant pulled and tried to get away, and slipped the money from his right to his left hand. From the facts proven it is evident that the money was taken from Tilton by stealth. The party was not put in fear, neither was violence used in taking the money. This court in Commonwealth v. Prewitt, 82 Ky., 240, 6 R., 195, defined robbery in the language of the common law, which is "the felonious and forcible taking from the person of another of goods or money to any value by violence or putting him in fear." This court in other cases has recognized this as the proper definition of robbery. No violence was employed in taking the money. It is true that, after Tilton discovered that his money had been taken, he sought by force, which the defendant resisted, to regain possession of it, and prevent his escape. At the time the defendant was seized, he had the money in his possession. The asportation was complete. He had the money as much in his possession when his hand was seized as he would have had had more time elapsed. He had succeeded in placing it in his pocket or in the hands of an accomplice. The force used did not accompany the taking of the money, but in resisting an effort to regain possession of it. In Blackstone's Commentaries, vol. 4, p. 242, it is said: "This previous violence or putting in fear is a criterion which distinguishes robbery from other larcenies; for if one privately steals sixpence from the person of another, and afterwards keeps it by putting him in fear, this is not robbery, for the fear is subsequent." It is said in Archbold's Criminal Practice, 508: "It may be observed, with respect to the taking, that it must not, as it should seem, precede the violence or putting in fear; or, rather, a subse-

quent violence or putting in fear will not make a precedent taking, affected clandestinely, or without either violence or putting in fear, amount to robbery." The court below evidently tried the case upon the theory that the resistance by the defendant of the force used by Tilton to regain his money made it a case of robbery instead of larceny; therefore the court gave the following erroneous instruction: "If the defendant, by stealth merely, got and retained or transferred to the possession of another money, the property of A. B. Tilton, this was not a taking by force. If the defendant, by stealth, got possession of money, the property of A. B. Tilton, by taking said money from the person of said Tilton, and immediately before said defendant had secured the money to himself or transferred to another said Tilton discovered the taking, and then and there by the use of physical force attempted to regain possession of the money while said money was in the possession of the defendant, and the defendant then and there by the use of physical force prevented said Tilton from retaking said money, and either retained it himself or fraudulently transferred it to the possession of another, this was a taking by force." The fact that force was used by defendant after the money had been taken could not relate back to the act of taking, so as to be considered force accompanying that act. The taking of the money was larceny.

The judgment is reversed for proceedings consistent with this opinion.