CASE 57.—TWO INDICTMENTS AGAINST JAMES WYNN FOR
ROBBERY TRIED TOGETHER.—November 23, 1909.

## Wynn v. Commonwealth.

Appeal from Hopkins Circuit Court.

J. F. GORDON, Circuit Judge.

Defendant convicted and appeals.—Reversed.

1. Robbery—Evidence—Sufficiency.—In a prosecution for robbery, evidence held to sufficiently identify accused as the perpetrator of the robbery to warrant a verdict of guilty.

2. Criminal Law—Credibility of Witnesses—Questions for Jury.—Where the prosecuting witnesses identified accused as the perpetrator of the crime, the jury had the right to accept their testimony as against that of accused and his witnesses.

3. Robbery—What Constitutes—Search of Persons Under Arrest—Right of Officer.—Though a deputy marshal had the right to arrest, without a warrant, persons who were drunk and disorderly, and following such arrests to search them to ascertain whether they possessed weapons or other means of resisting his authority, or affecting their escape if imprisoned, if in making search he obtained money from them, it was his duty to return it upon discharging them from arrest, and if, after making the arrest he took advantage of the duress under which such arrest placed them, and by force or putting them in fear took from them money in their possession feloniously, intending at the time to convert it to his own use, his act was robbery.

4. Larceny—Petit Larceny—What Constitutes—Money Taken From Persons Under Arrest.—In a prosecution for robbery, where it appeared that accused, a deputy sheriff, arrested the complaining witnesses for being drunk and disorderly, and after making the arrests searched their persons and obtained an amount of money, which he did not return upon releasing them, it was error not to charge the jury on petit larceny,

since, if accused made the search in good faith, and not for the purpose of robbing them, but after thus getting the money feloniously kept and converted it to his own use, his act in so doing was petit larceny.

JOHNSON & JENNINGS for appellant.

JAS. BREATHITT, Attorney General, and TOM B. McGREGOR, Assistant Attorney General, for Commonwealth.

OPINION OF THE COURT BY JUDGE SETTLE—RE-VERSING.

This is an appeal from two judgments of the Hopkins circuit court, each convicting the appellant, James Wynn, of the crime of robbery. By agreement he was tried under the two indictments at the same time, and by the single verdict of the jury his punishment under one of the indictments was fixed at three and under the other at two years' confinement in the penitentiary.

According to the commonwealth's evidence, the alleged robberies were committed by appellant in the village of Nortonville, at night, in August, 1907, under the following circumstances: Naaman Wilson and J. L. Kenny, who were going from Central City to Crofton, reached Nortonville upon a train of the Illinois Central Railroad, at which place they had to await a later train of the Louisville & Nashville Railroad upon which to go to Crofton, situated upon the last-named railroad. Having severa' hours to wait at Nortonville, Wilson and Kenny visited one or more saloons and took two drinks of beer and one of whisky each, and then went to the depot, intending to take the Louisville & Nashville Railroad train upon its arrival. While in the depot, Kenny became sick from intoxication or the mixture of drinks he had

taken, and vomited upon the floor, which displeased the ticket agent in charge of the depot, who ordered both Kenny and Wilson from the building.

At this juncture, appellant, who claimed to be acting as deputy marshal of Nortonville, appeared on the scene and arrested Wilson and Kenny, and ostensibly started with them to the town prison. They both testified that appellant upon reaching a point on the railroad track about 75 yards from the depot stopped and told them he would have to search their persons, to which they objected, but that he nevertheless proceeded with the search, and took from the pocket of Wilson two $5 bills, after which he told Wilson and Kenny that if they would go to an adjoining woodland, which he pointed out to them, and quietly remain there until the time arrived for reaching the depot to take the train upon which they expected to go to Crofton, he would release them from arrest, whereupon they agreed to follow appellant's commands and were discharged by him, but that he retained the money he took from Wilson, and did not thereafter return it. Wilson and Kenny further testified that they went to the woods as directed by appellant, but there encountered some negroes who "bummed" them for money, and that, to avoid the negroes, they returned to the depot, and were again arrested by appellant, who took them to the place of the first search, and again searched their persons, taking at that time from Kenny $2, which he appropriated as he had done the $10 of Wilson, after which appellant turned them loose, and again ordered them to the woods.

In addition to the testimony of Wilson and Kenny, the commonwealth proved the flight of appel-

lant to Indiana after his indictment for the robberies,
and the forfeiture of the bail bonds executed to secure
his appearance for trial under the indictments.
Appellant in testifying admitted his escape from jail
and flight to Indiana, but claimed that he was con-
fined to jail for a misdemeanor, and that the escape
and flight were caused by the need of his services by
his family in Indiana, some of whom were then ill.
It does not appear from the evidence, however,
whether his return from Indiana for trial was volun-
tary or because of his arrest for that purpose; but
it does appear that his bail in the robbery cases,
following his escape and flight, procured of the clerk
of the Hopkins circuit court copies of the bail bonds,
with a view to his arrest and return to answer the
indictments.

Appellant, upon being introduced as a witness in
his own behalf, admitted that he twice arrested Wil-
son and Kenny as stated by them, but denied that he
searched or took any money from either of them.
He was corroborated as to what took place at each
arrest by three companions who claimed to have been
with him at the time, one of whom was a saloon
keeper who seemed to have been considerably under
the influence of intoxicants. In addition, appellant
proved by the ticket agent that Wilson and Kenny
after their arrest accused him of being the person
who robbed them, but later retracted the accusation,
apologized to him therefor, and informed him that
appellant was the guilty party. It also appeared
from the evidence that the ticket agent resembled
appellant in figure; and wore clothing of the same
fashion and color. Appellant also proved by one of
the town trustees that Wilson and Kenny on the
morning following the robberies claimed that they

had been robbed by a man who had arrested them as marshal, but that they failed to identify appellant as the guilty party when he was called to them.

Appellant contends that he should have been granted a new trial, and is entitled to a reversal of the judgments of conviction, because the verdict was contrary to and unauthorized by the evidence. This contention cannot prevail, for the reason that the testimony of both Wilson and Kenny make it appear that he was the guilty party, both identified him as the perpetrator of the crimes, and related with particularity the facts and circumstances, tending to establish his guilt, and the jury had the right to accept their testimony as against that of appellant and his witnesses. And the trial court, even if of opinion that the weight of the evidence conduced to prove appellant's innocence, could not have usurped the powers of the jury by determining the matter of his guilt or innocence.

It is further contended by appellant that the trial court in addition to the instructions given should have given one under which the jury might have found appellant guilty of petit larceny. We are disposed to sustain this contention. If Wilson and Kenny when found by appellant were drunk or disorderly, he had the right as deputy marshal of Nortonville to arrest them without a warrant, and following such arrest, to search their persons for the purposes of ascertaining whether they were in possession of weapons or other means of resisting his authority as an officer, or of effecting their escape if imprisoned, but, if in making such search appellant obtained from their persons money, it was his duty to return it upon discharging them from arrest. If, however, after making the arrest, he took advantage

of the duress under which such arrest placed them, and by force or by putting them in fear took from them money in their possession, feloniously intending at the time to convert it to his own use, his act in doing so was robbery. On the other hand, if appellant searched Wilson and Kenny in good faith, and not for the purpose of robbing them, but after thus getting the money feloniously kept and converted it to his own use, his act in so doing constituted petit larceny.

We are of opinion, therefore, that on a retrial of the case the circuit court in addition to the instructions given on the former trial should give another or others embodying substantially in terms as above indicated the law as to petit larceny.

On account of the error of the trial court in instructing the jury, the judgments are reversed and cases remanded for a new trial in conformity to the opinion.