## Cosby v. Commonwealth.

(Decided January 16, 1920.)

### Appeal from Harrison Circuit Court.

1. Robbery—Indictment and Information—Sufficiency.—An indictment for robbery alleging that defendant "did unlawfully and feloniously take about eighteen dollars in money, the property of C. from his person, by force and putting said C. in fear, &c.," charges a felonious assault as well as a felonious taking.

2. Robbery—Larceny—Indictment and Information.—Robbery is an aggravated larceny and robbery and larceny are but different degrees of the same crime. Hence the property alleged to have been taken must be described in the same manner in an indictment charging either offense.

3. Robbery—Larceny—Indictment and Information.—A compliance with section 135 of the Code in describing money taken is all that is required in charging either larceny or robbery, and "about eighteen dollars in money" is sufficient.

4. Criminal Law—Sufficiency—Prejudice.—The evidence was sufficient to support the verdict and the fact that punishment was fixed at four years' confinement when the jury might have fixed it for any length of time from two to ten years, is not evidence of prejudice.

J. T. SIMON for appellant.

CHARLES H. MORRIS, Ex-Attorney General, CHARLES I. DAWSON, Attorney General, and B. M. VINCENT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant was convicted of robbery and his punishment fixed at four years' confinement in the penitentiary. As grounds for reversal he insists that the court erred in overruling his demurrer to the indictment and his motion in arrest of judgment, and that the verdict was the result of prejudice and not supported by the evidence.

It is urged the indictment is defective, first, because it does not sufficiently describe the property alleged to have been taken, and, second, because it does not allege a felonious assault as well as a felonious taking. The indictment is as follows:

"The Commonwealth of Kentucky
          against
George Cosby and Harrison Miller.

"The grand jury of Harrison county, in the name and by the authority of the Commonwealth of Kentucky, accuse George Cosby and Harrison Miller of the crime of

robbery, committed as follows, to-wit: The said George Cosby and Harrison Miller on the —— day of November, 1918, in the county and state aforesaid before the finding of this indictment did unlawfully and feloniously take about eighteen dollars in money, the property of William Coldiron, from his person, by force and putting said Coldiron in fear of some immediate danger to his person against the will and without the consent of the said Coldiron, against the peace and dignity of the Commonwealth of Kentucky.

                    "J. C. Dedman,
                              Attorney for the Commonwealth."

Robbery and larceny are common law offenses, denounced but not defined by our statutes, and but different degrees of the same crime. Criminal Code, section 263: Commonwealth v. Prewitt, 82 Ky. 240.

As is said in Bishop's New Criminal Law, section 1159: "The indictment for robbery charges a larceny, together with the aggravating matter which makes it in the particular instance robbery."

Hence the property alleged to have been taken must be described in the same way in an indictment charging either robbery or larceny. Bishop's New Criminal Procedure, section 1002; Gregory's Criminal Law, section 351; Roberson's Kentucky Criminal Law and Procedure, volume 1, page 395.

As authority that the property alleged to have been taken should have been more particularly described in the indictment than as "about eighteen dollars in money," appellant cites and relies upon only the case of Rhodus v. Commonwealth, 2 Duvall 160, which so holds.

But that case was decided before the enactment of section 135 of the Criminal Code, which provides:

"In an indictment for the larceny or embezzlement of money, or United States currency, or bank notes, it is sufficient to allege the larceny or embezzlement of the same without specifying the coin, number, denomination or kind thereof."

It is therefore apparent the Rhodus case is no longer authority, in so far at least as money, etc., is concerned and that a compliance with the Code provisions in describing same is all that is now required in an indictment charging either a larceny or robbery.

As the Code declares it shall not be necessary in an indictment for the larceny of money to specify "the coin, number, denomination or kind" it follows that the only requirement is to state the amount thereof. This the indictment does with sufficient accuracy "to enable a person of common understanding to know what is intended; and with such degree of certainty as to enable the court to pronounce judgment, on conviction, according to the right of the case," and that is all an indictment need do. Criminal Code, section 122, and cases there cited. See also 34 Cyc. 1804, note 48.

As to the next objection little need be said because it is quite apparent the indictment charges that the defendant "unlawfully and feloniously" took from the person of another property of value by force and putting him in fear, &c. Every element of robbery is alleged to have been committed unlawfully and feloniously and counsel is mistaken in assuming that the words "unlawfully and feloniously" apply only to the taking.

The insistence that the evidence was not sufficient to support the verdict is wholly without merit. The robbery was thoroughly established. The complaining witness positively identified the appellant as one of the two persons who robbed him, and appellant admitted procuring whiskey for him a very short time before and near where he was robbed. Nor is the fact that appellant's punishment was fixed at four years' confinement in the penitentiary, when the jury might have fixed it for any length of time from two to ten years, any evidence of prejudice upon the part of the jury.

Judgment affirmed.