## Hooper and Cook v. Commonwealth.

(Decided June 24, 1924.)

### Appeal from Hickman Circuit Court.

1. Robbery—Description of Property Taken in Indictment Held Sufficient.—An indictment for robbery charging taking "the sum of $88.30, shoes, cigarettes, and jewelry," held not defective as insufficiently describing property taken.

2. Criminal Law—Admission of Confession Held Not Prejudicial.—Admission of confession in evidence held not prejudicial where court subsequently excluded it and directed jury not to consider it for any purpose.

3. Criminal Law—Comments About Attorney in Spirit of Fun Not Prejudicial.—References made to attorney for defense by Commonwealth's attorney in argument to jury made in spirit of fun, and so understood by all parties, could not have been prejudicial.

J. D. VIA and BEN S. ADAMS for appellants.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellants, who were convicted of robbery, ask a reversal on several grounds.

The facts are these: Appellants and a companion named Roy Fondaw, together with the prosecuting witnesses, James Mitchell, Felix Girard and Albert Hudson, were riding in a freight car en route from Fulton to Bardwell. When the car reached the county of Hickman, the posecuting witnesses claim that appellants and their companion held them up at the point of a pistol and took from Mitchell the sum of $88.30, also his pipe and tobacco, the shoes that he was wearing, and a big sapphire ring. They also went through Girard's pockets and took some small change and cigarettes from him. On the other hand, appellants claim that they won the articles in a crap game. Just after the alleged robbery,

the prosecuting witnesses called the sheriff on the 'phone, and through his efforts appellants were subsequently arrested by the authorities of Carlisle county. The three prosecuting witnesses then went to Bardwell for the purpose of identifying the men who had been arrested. After his arrest Cook made a confession, which was first admitted, but afterwards excluded from the consideration of the jury.

It is first insisted that the indictment was defective in that the property alleged to have been taken was not described with sufficient certainty. The words of the indictment are "The sum of $88.30, shoes, cigarettes and jewelry, all the personal property of the said James Mitchell, Felix Girard and Albert Hudson, and a subject of larceny." In the case of Cosby v. Commonwealth, 186 Ky. 503, 217 S. W. 357, where in an indictment for robbery the property taken was described as "about $18.00 in money," the description was held sufficient, and for the same reason we conclude that the description in the indictment under consideration was likewise sufficient.

Another contention is that Cook's confession was obtained by sweating and should not have been admitted. As to whether the confession was voluntary or was obtained by sweating, the question is a close one, but as the court subsequently excluded the confession and directed the jury not to consider it for any purpose, we are not prepared to hold that its original admission was prejudicial to the substantial rights of appellant.

There is complaint also of the references made to the attorney for the defense by the Commonwealth's attorney in his argument to the jury. It is apparent that the comments complained of were made in the spirit of fun and were so understood by all the parties to the trial. That being true, they could not have prejudiced appellants in the minds of the jury.

Judgment affirmed.