## Davis v. Commonwealth.

(Decided September 24, 1929.)

B. C. SEAY for appellant.

J. W. CAMMACK, Attorney General, and J. M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Herman Davis was indicted for robbery. He was tried on June 20, 1924, found guilty of grand larceny, and his punishment fixed at one year in the penitentiary. Judgment was not then rendered upon the verdict. A motion for a new trial was filed and overruled during the term at which the verdict was rendered. At the same time an appeal to this court was granted, and the official stenographer was directed to make a transcript of the evidence. A bill of exceptions was duly filed and approved on that day, and the record was filed in this court August 25, 1924. That appeal was dismissed on motion of the Attorney General, because there was no judgment entered pursuant to the verdict of the jury.

Davis was then brought before the court on December 24, 1925, at which time he submitted additional motion and reasons for a new trial. The court overruled the motion and pronounced judgment in accordance with the verdict of the jury. Davis then gave bond for his appearance, and filed a new record in this court on February 24, 1926, showing merely the steps that had been taken subsequent to the dismissal of the appeal. On Jan-

uary 2, 1926, an order was made in the circuit court, entitled "Bill of Exceptions No. 1," again making the original bill of exceptions a part of the record. The old record in this court was, on motion of the appellant, placed with the present record. The Attorney General again made a motion to dismiss the appeal, because the new transcript was not filed within 60 days after the rendition of the judgment on December 24, 1925. The record was then lost, and has been supplied only recently. In view of the fact that the court made the order on January 2, 1926, apparently at the same term of court at which the judgment was pronounced, we conclude that the record was filed in time, and the case is properly here. The motion to dismiss the appeal is denied.

On the merits the appellant contends that the court erred in overruling a demurrer to the indictment, in the instructions to the jury, in rendering a judgment subsequent to the term at which the verdict was returned, and in refusing a new trial because the verdict was contrary to the manifest weight of the evidence and wholly unsupported by it.

The indictment charges the crime of robbery committed with force and arms, unlawfully and feloniously, and contains every essential ingredient of the offense. Breckenridge v. Commonwealth, 97 Ky. 267, 30 S. W. 634. The argument of appellant is that the indictment is uncertain as to the intent, and duplicitous in its effect; but it is not subject to that criticism. It specifically charges that the defendant did, against the will and consent of Gentry Carson, with force and arms, take, steal, and carry away $25 of his lawful money, with the felonious and fraudulent intent then and there to convert the same to his own use, and to deprive permanently the said Gentry Carson of his property. Blanton v. Commonwealth, 58 S. W. 422, 22 Ky. Law Rep. 515. The demurrer to the indictment was properly overruled.

The complaint of the instructions is that they permitted a conviction of grand larceny on an indictment for robbery. Robbery includes the offense of grand larceny (Criminal Code, secs. 262, 263), and the punishment for the latter is less severe. It was proper to give instructions covering the whole law of the case, and, since the defendant was given the lighter penalty, he was plainly not prejudiced. Com. v. Prewitt, 82 Ky. 240; Cosby v. Com., 186 Ky. 503, 217 S. W. 357.

It was proper for the court to render the judgment in the manner it did, under the circumstances existing in this case. The failure to render the judgment at the term when the verdict was returned was the result of oversight, and the duty of the court had not been performed until judgment pursuant to the verdict was pronounced. Criminal Code, secs. 283, 284. Cf. Jackson et al. v. Com., 187 Ky. 760, 220 S. W. 1045; Combs v. Commonwealth, 160 Ky. 396, 169 S. W. 879; Chapman v. Com., 199 Ky. 204, 250 S. W. 844.

The evidence for the commonwealth consisted of the testimony of Gentry Carson to the effect that he had been robbed of $25. Four men came to his home and with a pistol compelled him to go with them to a secluded spot, where they threatened to kill him if he did not give them $48. As a result of these threats, and while in fear of being killed, he gave up the $25. The excuse they offered for this highhanded proceeding was that he had stolen four gallons of whisky from them, and that they were compelling him to pay for it. Carson did not know the men, and could not identify any of them, although he stated that the defendant Davis looked like the man who took his money. Another witness testified that shortly after the robbery occurred he overheard the appellant Davis state that he was not going to give up the money; that Carson had given him until Thursday to give it up, or he would have him arrested, but that Davis said he was not going to give up the money. Davis further stated that he took the money because Carson had gotten some whisky. This evidence was meager, but sufficient to make an issue for the jury. It was the province of that tribunal to determine whether the defendant was guilty of the offense charged. The defendant denied all connection with the matter, and claimed that he was at another place at the time the offense was committed. He supported his alibi with the testimony of a number of witnesses, but manifestly such proof did not render the case one which the court could decide as a matter of law. It was necessary for the jury to determine the truth from the conflicting evidence, and the credibility of the witnesses was for it to judge. Brown v. Com., 226 Ky. 256, 10 S. W. (2d) 820; Branham v. Com., 223 Ky. 233, 3 S. W. (2d) 629.

The judgment is affirmed.