## Brooks v. Commonwealth.

Jan. 23, 1940.

James C. Clay for appellant.

Hubert Meredith, Attorney General, and Wm. F. Neill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, Estill Brooks, was convicted of the crime of assault with an offensive weapon with intent to rob, and sentenced to a term of 21 years in the state penitentiary.

Ted Cornett operates a grocery store and a gasoline filling station on Christy creek in Rowan county about eight miles from U. S. highway 60. About 9:30 p. m. on June 30, 1938, an automobile stopped in front of his.

place of business, and the horn was sounded. He turned on the lights, went outside, and was in the act of unlocking the gasoline pump when the driver of the automobile pointed a pistol at him and said: "Stick them up." Cornett ran and three shots were fired at him, one bullet striking him in the arm. Between 10 and 10:30 p. m. on the same evening, an automobile stopped at Clarence Scott's filling station at Olive Hill, Kentucky, in Carter county, about 24 miles east of Ted Cornett's place of business, and the driver of the automobile asked Scott to fill up his tank. The car had approached Scott's filling station on U. S. highway 60 from the direction of Morehead in Rowan county. Scott filled up the tank, and the car was immediately driven away. On the following day Estill Brooks and Audrey Turner were arrested in Ashland, taken to Olive Hill, and identified by Scott as the men who had obtained the gasoline the night before without paying for it. Brooks and Turner entered a plea of guilty to a charge of petty larceny. They were then taken to Ted Cornett's place of business in Rowan county, and Brooks was identified by Cornett as the man who had assaulted him on the night before. He testified that another man was in the car with Brooks, but he was unable to identify Turner as the man. A pistol found in Brook's home and an empty shell found at the place of the attempted robbery were submitted to a ballistics expert, who testified that the shell had been fired in the pistol owned by Brooks. Brooks and Turner were tried together, and the jury returned a verdict convicting Brooks and acquitting Turner.

On this appeal it is argued that the evidence concerning the pistol was incompetent, since the pistol had been obtained by an unlawful search. Hugh Caudill, a highway patrolman, testified that he arrested Brooks and Turner in Ashland, Kentucky, and took them to the Carter county jail. He then went to the Brooks home and asked Mrs. Brooks if her husband had a gun. She went to a dresser drawer, got a pistol, and handed it to Caudill, who was never inside the house. He had procured a search warrant and had it with him, but did not read it to Mrs. Brooks. Under the circumstances, the pistol was not obtained by an unlawful search, but, aside from this, not a single objection was made to this part of Caudill's testimony.

Neither Brooks nor Turner testified. It is insisted that the county attorney improperly commented upon

the failure of appellant to testify, and for this reason the judgment should be reversed. After the trial, the attorneys for appellant filed an affidavit stating that the county attorney, in his argument to the jury, had said that the defendant, Brooks, had not offered himself as a witness. In the bill of exceptions it is stated that the county attorney called attention to the fact that neither of the defendants testified in his own behalf in the case, and then follows this:

"E. M. Hogge, for the defendants, in his argument to the jury first mentioned the fact that neither of the defendants testified."

We have consistently held that a comment by the attorney for the Commonwealth on the defendant's failure to testify in a criminal case is ground for reversal. In the present case, however, it appears that the county attorney made the statements complained of after the attorney for the defendant had called the attention of the jury to the fact that his client had not testified. The language of the county attorney is not given, either in the affidavit or the bill of exceptions, but he had a right to answer any argument made by defendant's attorney. The latter having called the jury's attention to the fact that the defendant had not testified and, no doubt, having attempted to explain his failure to testify, it was not error for the county attorney to answer the argument.

Appellant finally complains of instruction No. 5, which reads:

"You cannot find the defendant, Audrey Turner, guilty unless you find the defendant, Estill Brooks, guilty. You can find the defendant, Estill Brooks, guilty and the defendant, Audrey Turner, not guilty, just as you believe the evidence authorizes."

It is argued that this instruction, in effect, was a peremptory instruction to find Estill Brooks guilty, but we are unable to agree in this construction. Instruction No. 1 told the jury to find Estill Brooks guilty if they believed, beyond a reasonable doubt, that he unlawfully, willfully, maliciously, and feloniously, and with force of arms, to-wit, a pistol, assaulted Ted Cornett with a felonious intent to rob him of his property. Instruction No. 2 told the jury, in substance, to find Audrey Turner guilty if they believed that Estill Brooks was guilty under instruction No. 1, and that Turner was present

aiding and assisting him. Instruction No. 3 defined certain words, and instruction No. 4 reads:

"The law presumes the defendants to be innocent and unless you believe their guilt has been established by the evidence in this case beyond a reasonable doubt, you will find them not guilty."

When the instructions are read together, instruction No. 5 could not have misled the jury.

We find no error prejudicial to appellant's substantial rights, and the judgment is affirmed.