## BOWLING v. COMMONWEALTH.

Court of Appeals of Kentucky.
Nov. 21, 1952.

T. T. Burchell, Manchester, for appellant.

J. D. Buckman, Jr., Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MILLIKEN, Justice.

Appellant, Ruford (Buck) Bowling, was indicted and convicted of the offense of robbery and his punishment was fixed at two years' confinement in the penitentiary.

He was charged with robbing Levi Hacker by forcibly and feloniously taking from his person $125 in money of the United States. Hacker, the prosecuting witness, testified that before he went to sleep in a bed with the appellant, the money was in his pocket but when he later awakened, the appellant had left and his money was missing. Both the appellant and Hacker were intoxicated.

Assuming that the Commonwealth's evidence is true, the appellant is not guilty of robbery but of larceny. To pick one's pocket without the use of some force or violence, or putting in fear, is not robbery. Bibb v. Commonwealth, 112 S.W. 401, 33 Ky. Law Rep. 726; Jones v. Commonwealth, 115 Ky. 592, 74 S.W. 263; Dawson v. Commonwealth, 74 S.W. 701, 25 Ky. Law Rep. 5; Snyder v. Commonwealth, 55 S.W. 679, 21 Ky. Law Rep. 1538. Hacker was in an intoxicated slumber and consequently was never put in any fear and there is no evidence that any force or violence was used upon his person to relieve him of his money.

The Commonwealth contends that if the offense be larceny and not robbery, the error was corrected by giving an instruction on larceny, since larceny is a degree of the offense of robbery. But the jury expressly found the appellant guilty of robbery, a graver offense than larceny. Sections 262, 263, Criminal Code of Practice; Commonwealth v. Prewitt, 82 Ky. 240, 6 Ky. Law Rep. 195. Under the evidence, the appellant could be found guilty only of larceny. Other questions raised on this appeal are specifically reserved.

Judgment reversed and cause remanded for further proceedings consistent herewith.