James Hilman MONTGOMERY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 17, 1961.

Rehearing Denied June 9, 1961.

Frank E. Haddad, Jr., Louisville, for appellant.

John B. Breckinridge, Atty. Gen., Wayne J. Carroll, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

To reverse a judgment of conviction of armed robbery with a penalty of life imprisonment, KRS 433.140, the appellant, James Hilman Montgomery, contends the evidence proved him to be guilty only of grand larceny.

Mrs. Bonnie L. Trimble, who was in charge of a grill and restaurant owned by James H. Arnold, testified that about three o'clock in the morning of November 19, 1959, the appellant, Montgomery, and another young man, John Louis Busby, came to the restaurant. They drank coca-colas and acted so as to arouse her suspicion of an evil purpose. Busby spent about a half hour using the telephone while Montgomery walked around "looking things over" and watching her movements. Montgomery spread a newspaper on the counter and read or pretended to read it. Busby ordered another coca-cola and started toward the door. When the witness called his attention to the fact that he had not paid for it, he came back and gave her a dime. As she started to ring it up in the cash register, Montgomery was standing near by. She heard a noise behind her and turned and saw Busby leaning over the counter and lifting up a box from the floor behind the counter. The box contained $58. Montgomery went through a swinging door in the counter to where she was. She took a step or two toward Busby, and then Montgomery stepped up with a knife in his hand and called her "a bad name" and said, "If you move, I'll cut your G—— d—— throat." He had a small knife opened in his hand. She further testified, "And then they took the money and run out the door. I didn't move because I was very scared." On cross-examination the witness stated that Montgomery had made no threatening "gestures or maneuvers" toward her at any time before Busby got the box of money.

Police officers testified that when they arrived at the restaurant they found Mrs. Trimble frightened, nervous and excited. When Montgomery was arrested about a month later the officers told him he was charged with armed robbery. He admitted that he and Busby had taken the money from Arnold's restaurant and that he had talked to the woman to keep her attention away while Busby grabbed the money box.

He denied that he had used a knife or any other weapon.

The cooperative activities of the two men, of course, made one of them as guilty as the other of any felony committed at the time. Waggner v. Commonwealth, 298 Ky. 153, 182 S.W.2d 661. The appellant contends that the taking of the box of money had been accomplished before the threat and violence described by the witness, Mrs. Trimble, so that the crime proved was only grand larceny. Larceny, which is a generic term, is a degree of robbery. Cosby v. Commonwealth, 186 Ky. 503, 217 S.W. 357; Southerland v. Commonwealth, 217 Ky. 94, 288 S.W. 1051; Roberson's Ky. Criminal Law, § 603. Our statutes do not define either crime but merely prescribe the penalties. KRS 433.120, 433.220, 433.230. The maximum penalty for robbery is ten years' imprisonment, but if the crime is committed by the use or display of a firearm or a "deadly weapon" (commonly called "armed robbery"), the punishment is death or imprisonment for life. KRS 433.-120, 433.140. The knife described by the witness was a deadly weapon. Williams v. Commonwealth, 304 Ky. 359, 200 S.W.2d 926. So, we look to the common law for the distinction between the two crimes. Burks v. Commonwealth, Ky., 259 S.W.2d 68.

Larceny implies a taking of property by stealth, with an absence of such fear or force as would constitute robbery. Jones v. Commonwealth, 115 Ky. 592, 74 S.W. 263; Waggner v. Commonwealth, 298 Ky. 153, 132 S.W.2d 661.

The distinguishing characteristics of robbery are that the taking of the property is from the person or in the immediate presence of one in possession thereof and accomplished either by force or violence or by intimidation, actual or constructive, of such a nature as to put the person in fear or cause reasonable apprehension of danger. Jones v. Commonwealth, 112 Ky. 689, 66 S.W. 633, 23 K.L.R. 3081, 57 L.R.A.

432, 99 Am.St.Rep. 330; Armstrong v. Commonwealth, 190 Ky. 217, 227 S.W. 162; Howard v. Commonwealth, 313 Ky. 667, 233 S.W.2d 282; Roberson's Ky.Criminal Law, § 603.

The appellant contends that the removal of the box of money from its place behind the counter was asportation, and thereby the crime of grand larceny was complete before his knife was displayed. Technically, that may be sufficient in some circumstances to consummate the crime of larceny. Commonwealth v. Metcalfe, 184 Ky. 540, 212 S.W. 434; Wombles v. Commonwealth, Ky., 317 S.W.2d 169. Even that claim is tenuous, for there was scarcely a distinct measurable period of time between the removal of the property from the floor and the violence. Adams v. Commonwealth, 153 Ky. 88, 154 S.W. 381, 34 L.R.A.,N.S., 637. It is generally recognized that the requisite element of force or putting in fear must either precede or be contemporaneous or concurrent with the taking of the property. Jones v. Commonwealth, 115 Ky. 592, 74 S.W. 263; Howard v. Commonwealth, supra, 313 Ky. 667, 233 S.W.2d 282; 2 Wharton's Criminal Law and Procedure, §§ 545, 559; 77 C.J.S. Robbery §§ 3, 11; Annotation, 58 A.L.R. 656, 662. Particularly, in Armstrong v. Commonwealth, supra, 190 Ky. 217, 227 S.W. 162, 163, we stated that it is not indispensable "that the force employed or the putting of the person robbed in fear should precede the taking of the property. It will be sufficient if both or either accompany the taking of the property, and that was the case here." See also Peck v. Commonwealth, 286 Ky. 347, 150 S.W.2d 919.

In the present case it would be an unsubstantial conception of the facts to say that the taking of the box of money was completed, or that the larceny had already been consummated, when the defendant made his threat and displayed his knife. The acts originated and occurred in the same period of time, that is to say, were contemporaneous.

Under appropriate instructions on armed robbery, robbery, and grand larceny, the jury decided the defendant was guilty of the higher degree of crime. We think the verdict is sustained by the law and the facts.

The point is made that the prosecuting attorney, in his closing argument, prejudicially commented on the failure of the defendant to testify in his own behalf in contravention of his constitutional privilege to refrain from giving evidence in his own behalf, § 11, Kentucky Constitution, and his statutory right to have the prosecution keep silent about his failure to testify. KRS 455.090(1). Adams v. Commonwealth, Ky., 264 S.W.2d 283.

In his preceding argument the defendant's attorney commented on his statements or admissions to the police officers when he was arrested, as above related. The attorney said, "Now I submit that that is unusual, and you ladies and gentlemen have been on the jury long enough to agree with this, that it is unusual for a person to come in and admit before a jury that he is guilty of an offense." The prosecuting attorney interrupted to say to the court, "There has been no admission before the jury." In a colloquy it was cleared up that the admission was to the officer. Further along the defendant's attorney said, "Now he doesn't come before you and insult your intelligence by telling you that 'I wasn't there; this woman has made a wrong identification; that I was arrested a month later,' and all that sort of business. He doesn't insult your intelligence by that, but his admission to the officer and the officer has testified the same thing as what this defendant could have told you—" The prosecuting attorney interrupted to object to the statements.

During the closing argument, the prosecuting attorney said, "I cannot resist telling you this at the very outset: Mr. Haddad tells you that the defendant did not come to you and tell you a cock and bull story, that the defendant admits that the defend-

ant does this or the defendant doesn't do that. The cold fact of the matter, ladies and gentlemen, is, not one witness, not one witness was called to that witness chair except by the Commonwealth." Following an objection, the attorney said, "The Commonwealth is the only one that produced a witness from that chair." This too was objected to.

It seems to us apparent that when the questionable statements of the prosecuting attorney, with their attendant circumstances, are considered, they were provoked by and made in response to previous statements of the defendant's attorney before the jury. That being the case, they cannot be deemed prejudicially objectionable. Rogers v. Commonwealth, 161 Ky. 754, 171 S.W. 464; Brooks v. Commonwealth, 281 Ky. 415, 136 S.W.2d 552.

The judgment is affirmed.