**Mark Henry MASON, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 26, 1965.

Stuart L. Lyon, David Kaplan, Louisville, for appellant.

Robert Matthews, Atty. Gen., Lloyd R. Cress, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Appellant was convicted of armed robbery and his punishment fixed at life imprisonment. (KRS 433.140). On this appeal he contends that the trial court erred in failing to submit to the jury whether a pocket knife is a deadly weapon within the meaning of the above statute which reads as follows:

"Any person who commits robbery or burglary or any act penalized by KRS 433.130, and in committing the act uses or displays any pistol, gun or other firearm or deadly weapon shall be punished by confinement in the penitentiary for life, or by death."

Since the only weapon displayed in the commission of the crime was a pocket knife having a three inch blade, the question narrows to whether the trial court correctly determined that this knife was a deadly weapon per se.

Appellant frankly concedes that we have previously decided the identical question adversely to his contention in Montgomery v. Commonwealth, Ky., 346 S.W.2d 479. However, he requests us to overrule this case and to permit a jury to determine, under a proper instruction, whether the knife was used as a deadly weapon.

After a careful reconsideration of this question we have no doubt as to the soundness of our previous conclusions, such as stated in Williams v. Commonwealth, 304 Ky. 359, 200 S.W.2d 926, to the effect that a knife is ordinarily a deadly weapon since it may produce death even though the stab or thrust does not reach a vital organ of the human body. Where, as here, the weapon used in the commission of the offense is of such size and character as to permit but one reasonable conclusion, i. e., that it is a deadly weapon, the court need

not let the jury debate its deadly character. Hence, we adhere to the conclusion reached in Montgomery v. Commonwealth, supra.

The judgment is affirmed.