**Patrick ASHER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 19, 1971.

A. E. Cornett, Hyden, for appellant.

John B. Breckinridge, Atty. Gen., M. Curran Clem, Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Judge.

Patrick Asher was convicted in the Leslie Circuit Court of carrying a concealed deadly weapon and sentenced to two years in the state reformatory. KRS 435.230. Asher appeals. We affirm.

Appellant contends (1) that the trial court committed reversible error in instructing the jury that the butcher knife introduced into evidence was a deadly weapon and (2) that the trial court should have given an affirmative instruction on the appellant's theory of the case.

The trial court instructed the jury as follows:

"1. If the jury believe from all the evidence in the case, to the exclusion of a reasonable doubt, that the defendant Patrick Asher, in Leslie County, Kentucky, on or about the 26th day of April 1969, and before the finding of this indictment did carry concealed a butcher knife introduced in evidence herein, a deadly weapon, other than an ordinary pocket knife, upon or about his person, then the jury will find the defendant guilty as charged in the indictment and fix his punishment at confinement in the penitentiary for not less than two nor more than five years."

In Montgomery v. Commonwealth, Ky., 346 S.W.2d 479, we held that a knife described only as "a small knife" was a deadly weapon. In Mason v. Commonwealth, Ky., 396 S.W.2d 797, we held as a matter of law that a pocket knife with a three-inch blade was a deadly weapon. In the instant case, the butcher knife introduced into evidence had a sharp-pointed blade approximately six inches in length. The knife was of such size and character as to permit but one reasonable conclusion: it was a deady weapon. The court did not err in so instructing the jury.

The theory of defense on which the appellant contends that the trial court erred in failing to give an affirmative instruction was that the knife introduced at the trial was not the one taken from him at the time of his arrest. He introduced two witnesses who corroborated his testimony to that effect. Appellant testified that the knife taken from him had a limber blade, and was blunt on the end so that it could be used as a screwdriver. An examination of the instruction given by the trial court shows that the jury was, in fact, given such an affirmative instruction. The trial court instructed the jury that in order to find the appellant guilty, the jury should be convinced beyond a reasonable doubt that the appellant "did carry concealed a butcher knife *introduced* in *evidence* herein." (Emphasis added). Under the instruction given, if the jury had chosen to accept the appellant's version of the case, it would have returned a verdict of not guilty. The instruction was clear that the jury, in order to return a guilty verdict, had to believe beyond a reasonable doubt that the appellant was carrying the butcher knife introduced into evidence and that he was carrying it in a concealed manner.

The trial court correctly instructed the jury.

The judgment is affirmed.

All concur.