902 P.2d 489

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jerry Dewayne BELUE, Defendant–Appellant.**

No. 21647.

Court of Appeals of Idaho.

Sept. 7, 1995.

Whittier, Souza and Clark Chtd., Pocatello, for appellant.

Hon. Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Following a court trial, Jerry Dewayne Belue was convicted of one count of battery with intent to commit a serious felony (rape),

I.C. §§ 18–903, –911, and one count of robbery, I.C. § 18–6501. Belue contends that the evidence was insufficient to prove the intent element required for robbery. He also challenges the reasonableness of the sentences imposed for both offenses. For the reasons stated below, we affirm.

## FACTS

On a Saturday morning in April 1994, the victim, an adult female, was alone in a laundromat when Belue entered. After loitering for a few minutes, Belue suddenly grabbed the victim from behind, pulled her hair, and dragged her into a bathroom, tearing at her clothes. Belue told the victim that he wanted sex, and he threatened to kill her. He stated that he had both a knife and a gun. The victim, hoping that Belue would settle for money, took cash from her purse and offered it to him. Belue took the money, approximately fifteen dollars, and put it into his pocket. He then unzipped his pants and exposed himself to the victim. He also attempted to hit the victim on the head with the toilet tank lid, but then abandoned the attack and left. The victim immediately telephoned the police and gave a description of her attacker. Belue was soon apprehended several blocks away and was identified by the victim. He was charged with robbery and battery with the intent to commit rape.

Belue waived a jury trial. Following a court trial, he was found guilty of both charged offenses. The court imposed a unified twenty-five year sentence with a ten-year minimum term of incarceration for robbery and a unified fifteen-year sentence with a ten-year minimum term for battery with intent to commit rape. The court ordered that the sentences be served concurrently. Belue thereafter filed a motion under I.C.R. 35 for reduction of the sentences, which was denied.

On appeal, Belue challenges the sufficiency of the evidence to support the finding of guilt on the robbery charge. He contends there is no evidence that he attacked the victim with

the intent to rob her, and therefore it has not been shown that he intentionally took her money "by means of force or fear." See I.C. § 18–6501. If the elements of robbery were not proven, then for taking the victim's money Belue would be guilty only of petit theft, a misdemeanor, I.C. §§ 18–2403, –2407(2), and –2408(3). Belue also contends that the sentences imposed for both offenses constituted an abuse of the district court's discretion.

## SUFFICIENCY OF THE EVIDENCE ON THE ROBBERY CHARGE

Idaho Code § 18–6501 defines robbery as "The felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." The commission of this offense requires an intent to take the victim's property by use of force or fear and the intent to permanently deprive the victim of the property. State v. Olin, 112 Idaho 673, 735 P.2d 984 (1987). See also I.C.J.I. 501.

Belue maintains that the evidence establishes that he intended only to rape the victim when he attacked her, and there was no testimony to suggest that he intended to rob her. He relies upon the victim's testimony that Belue expressed only a desire for sex and never made any demands for money, and her further testimony that she initiated the offer of money. The State responds that although Belue's original intent may have been to commit a rape, the evidence shows that the victim's offer of money was prompted by Belue's physical attack and that Belue intentionally took and kept the money while knowing that he gained it as a result of his use of force. This, the State argues, is sufficient to prove the mental element for robbery.

Belue's argument that robbery is committed only where the force or fear is employed with the intent to take the victim's property presents an issue of first impression in Idaho.[1] Among other jurisdictions there is a

1. Justice Bistline, in a dissenting opinion in *State v. Johns*, 112 Idaho 873, 736 P.2d 1327 (1987), expressed the view that a robbery conviction

should not stand where the victim had been mortally shot or stabbed, or was already dead, when the defendant, as an afterthought, took the

split of authority as to whether an intent to steal must motivate the use of force. Those holding that such motive need not be shown include *Carey v. United States*, 111 U.S.App. D.C. 300, 296 F.2d 422 (1961) (defendant convicted of manslaughter and robbery where, after an argument with his landlady he stabbed her to death and then took money from her clothing; conviction of robbery affirmed on a holding that it did not matter that defendant's intent to steal arose after the victim had died); *Stebbing v. State*, 299 Md. 331, 473 A.2d 903 (1984), *cert. denied* 469 U.S. 900, 105 S.Ct. 276, 83 L.Ed.2d 212 (1984) (robbery conviction affirmed despite defendant's argument that she assaulted victim solely to assist co-defendant in raping and sodomizing the victim and without intent to rob her); *Howard v. Commonwealth*, 313 Ky. 667, 233 S.W.2d 282 (1950) (defendant entered victim's home and attacked her with apparent purpose of rape but took her purse before departing; court held it was immaterial whether defendant formed purpose of stealing as an afterthought because fear created by the assault continued to operate on the victim's mind, and it was sufficient that defendant "availed himself of the victim's state of terror"); and *Turner v. State*, 198 S.W.2d 890 (Tex.Crim.App.1946) (fight may have arisen out of automobile collision and, after knocking victim down, defendant took victim's money; conviction for robbery affirmed despite defendant's contention that intent to steal was formulated after the violence ended). Authorities taking the contrary view include *People v. Green*, 27 Cal.3d 1, 164 Cal.Rptr. 1, 609 P.2d 468 (1980) (act of force or intimidation by which taking is accomplished in robbery must be motivated by intent to steal), and *People v. Pack*, 34 Ill. App.3d 894, 341 N.E.2d 4 (1976) (where defendant choked victim until she was dead and then took money from her purse, factual basis for robbery not established because force was used with intent to kill, not to steal).

■■■ We find ourselves in agreement with those authorities holding that larceny need not be the defendant's motivation for the use of force. In our view, the intent necessary to support a conviction for robbery exists where the defendant's intimidation or battery of the victim prompts the victim to offer money and the defendant takes the money with knowledge that the offer was provoked by the defendant's threats or acts of violence and with intent to permanently deprive the victim of the property. It is immaterial whether the defendant harbored an intent to steal when the violence or intimidation occurred if, when taking the victim's possessions, the defendant knows that his violence or threats motivated the victim's surrender of the property.

In the present case, the district court found as follows:

> [I]t's very clear that the force and fear required was there and that the victim, [G.R.], was under that force and fear when she offered the money to the defendant; that that was her reason for doing so. The defendant took that money, the evidence shows, and clearly took that money under circumstances when he would have known that it was being offered in response to the force and fear felt by the victim.

These findings are supported by substantial evidence presented at Belue's trial. Criminal intent can be inferred from the commission of acts and the surrounding circumstances. *State v. Oldham*, 92 Idaho 124, 132, 438 P.2d 275, 283 (1968); *State v. Booton*, 85 Idaho 51, 375 P.2d 536 (1962); *State v. Nastoff*, 124 Idaho 667, 671, 862 P.2d 1089, 1093 (Ct.App. 1993). From the evidence that the victim was being physically attacked by Belue when she offered money, the court could properly infer that Belue knew the victim acted out of fear occasioned by his use of force. Plainly, the evidence also supports a determination that Belue intended to permanently deprive the victim of her money.

The district court therefore properly found that the elements of robbery had been established. Belue's conviction for that offense is affirmed.

---

victim's wallet and motorcycle. *Id.* at 884–85, 736 P.2d at 1338–39. However, it appears that no issue as to whether the intent element of robbery had been proved was raised on the appeal, and it was not addressed by the majority opinion.

## SENTENCES

■ Belue also contends that the district court abused its discretion in sentencing him to a ten-year minimum term, followed by a fifteen-year indeterminate term of confinement for robbery and a concurrent ten-year minimum term followed by a five-year indeterminate term for battery with intent to commit a serious felony.

■ We review sentences to determine if there has been an abuse of the trial court's discretion, focusing upon the nature of the offense and the character of the offender. *State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978); *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). Where, as here, the sentence is not illegal, the defendant bears the burden of showing that it is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation and retribution. *State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982). For purposes of appellate review we consider the minimum period of confinement as the probable duration of incarceration. *Id.; State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). If reasonable minds might differ as to whether the sentence is excessive, we will not substitute our view for that of the district court. *State v. Admyers*, 122 Idaho 107, 108, 831 P.2d 949, 950 (Ct.App.1992); *Toohill*, 103 Idaho at 568, 650 P.2d at 710.

At the time of sentencing, Belue was thirty-three years old and lived the life of a transient, having not worked for most of his life. As a juvenile, Belue was placed in an alternative school due to behavioral problems that included fighting. Prior to the present offenses, Belue was incarcerated for three years on a conviction for receiving stolen property and for nineteen and one-half months on a conviction for armed robbery. He also had a record of convictions for criminal trespass. Based upon Belue's criminal history and his random act of violence against the victim, the trial court concluded that Belue was an extremely dangerous person and that the sentences imposed were appropriate for the protection of society. We find no abuse of discretion in this determination.

## CONCLUSION

The district court's finding that the State had proved the elements of robbery, including the intent element, beyond a reasonable doubt is supported by substantial evidence, and the sentences imposed upon the defendant are not unreasonable. Accordingly, the judgment of conviction and sentences are affirmed.

WALTERS, C.J., and PERRY, J., concur.