THE PEOPLE, RESPONDENTS, *v.* JOHN BUTLER, APPELLANT.

CRIMINAL LAW—MOTION TO SET ASIDE INDICTMENT— PRACTICE.—After pleading to an indictment, and the setting of the case for trial, it is too late to move to quash or set aside the indictment.

COURTS—OFFICERS.—Courts will take official cognizance of their own officers.

INDICTMENT.—The criminal practice act does not require the district attorney to sign indictments; nor does it prescribe a failure to sign as a ground for setting the indictment aside.

MOTION TO SET ASIDE INDICTMENT.—The statute having prescribed the grounds upon which a motion to set an indictment aside may be made, all other grounds are excluded.

INDICTMENT—ROBBERY.—In an indictment for robbery, the words "felonious" and "rob" carry with them the intent, and are sufficient.

IDEM.—An indictment is sufficient in substance if it describes the offense in the language of the statute by which it is created or defined.

APPEAL from the second judicial district, Ada county.

*George C. Hough,* for the appellant.

*E. J. Curtis, district attorney,* for the respondents.

Opinion by MILLER, J.; BOWERS, C. J., and KELLY, J., concurring.

The defendant was indicted by the grand jury of the county of Ada, at the November term, 1868, for the crime of robbery. Upon being arraigned, the defendant demurred to the indictment on the ground that "the facts therein stated do not constitute a public offense." After argument, the demurrer was overruled by the court, to which ruling defendant's counsel excepted. Afterwards the defendant moved the court to set aside the indictment on the ground "that said indictment is not signed by the proper officer; that said indictment is signed by E. J. Curtis as district attorney, when in fact one J. J. May is district attorney in and for the second judicial district, as will appear from the certificate hereto annexed." The motion to quash was overruled by the court. The defendant then entered a plea of not guilty, but afterwards, before trial, withdrew his plea of not guilty and pleaded guilty in open court; and judgment was pronounced on said plea that the defendant be imprisoned in the territorial prison for the term of five years. The defendant now appeals to this court from the judgment of the district court.

The points raised by the appellant are: 1. Upon the demurrer as to the sufficiency of the indictment; and, 2. By motion to quash, that the indictment is not signed by the proper officer. We think the motion to quash was made too late; particularly after a judgment upon the plea of guilty it can not be considered. The motion to quash was made under section 274 of the criminal practice act. The transcript shows that after the ruling upon the demurrer, and after the plea of not guilty had been entered, and the case had been set for trial, the defendant, without leave first had, and without withdrawing his plea of not guilty, filed his notice to quash. Assuming the motion

good, it came too late. Under our statute it should have
been made before demurrer and plea, and especially before
the case is set down for trial of the issue of facts raised by
the plea of not guilty. But, again, the grounds of the
motion are not well taken. It states as its only ground that
the indictment is not signed by the proper officer, for the
reason that it is signed by E. J. Curtis, district attorney,
whereas J. J. May is district attorney, as appears by the
certificate of the latter's election thereto, in 1866, from the
secretary's office. As to who was or was not district attor-
ney, it is not relative to the point in issue. The court below
finds against the motion, which for that purpose is decisive
of the point, as courts will take judicial cognizance of their
own officers. Assuming, however, the grounds of the mo-
tion are correct, the motion should be denied.

The criminal practice act nowhere in all its provisions
for the finding or presentment of indictments makes it
obligatory upon the district attorney to sign the indict-
ment, nor does it prescribe, in case of his failure so to sign,
that the same may be set aside. The statute creating the
office of district attorney, etc. (Laws of the Third Session,
p. 187, sec. 3), says that the district attorney "shall sign
all bills of indictment that may be found by the grand
jury. The criminal practice act, however, does not say
that such failure shall vitiate the indictment, and be good
grounds to set it aside. The criminal practice act, however,
does prescribe how and for what reason an indictment may
be set aside. Section 274 prescribes three grounds, and
three only, for setting aside an indictment: 1. When it is
not found, indorsed or presented as prescribed by this act;
2. When the names of the witnesses examined by the grand
jury, or whose depositions are read before them, are not
appended; and, 3. When any person other than the district
attorney or the witnesses are permitted by the grand jury
to be present while the charge embraced in the indictment
is under consideration. Whatever may be the rule at com-
mon law, the statute, by defining and allowing the three
grounds above stated, excludes all others. *Expressio unius
personæ est exclusio alterius.* We must be governed by the

statute in everything prescribing the manner, form, and substance of indictment, and the procedure thereunder, through the whole course of a criminal investigation. (*People* v. *Cronin,* 34 Cal. 191.)

But, again, the record shows that after making the motion to quash, and upon its being overruled, the case being set down for trial, the defendant withdrew in open court his plea of not guilty, and in open court made his plea of guilty, and judgment was afterwards rendered and duly entered. A plea of guilty confesses all the matters charged in the indictment; "it is a plea by which a defendant who is charged with a crime admits or confesses it." (1 Bouv. Dict. 573.) Judgment upon such a plea places the defendant in no worse position than upon the plea of not guilty as to all objections going to the body of the indictment. If the indictment does not charge a public offense, and the objection has been raised by the demurrer, as in this case, or by motion in arrest of judgment, the indictment and judgment should be set aside.

This brings us to the consideration of the points raised by the demurrer. The indictment is for robbery. "Robbery is the felonious and violent taking of money, goods, or other valuable thing from the person of another by force or intimidation." The point urged by the appellant against the indictment is that it nowhere shows "the intent of the defendant to steal or rob." This point is not well taken; we think the intent of the defendant to steal or rob clearly and sufficiently appears in the indictment. It charges first a felonious assault upon the person robbed, by the defendant putting him feloniously in bodily fear, thereby the feloniously and violent robbing, taking and carrying away by defendant from his person of the property. The words "felonious" and "rob" carry with them the intent, and are sufficient. "An indictment is sufficient in substance if it describes the offense charged in the language of the statute by which it is created or defined." (*People* v. *White,* 34 Cal. 183.)

Indictments in matters of averment are sufficient if they

allege all the acts or facts which have been used by the legislature in defining the particular offense charged. (*People v. Cronin*, 34 Cal. 191.)

The appeal is clearly frivolous, and the judgment of the court below is affirmed.