STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. HARRY W. CRAIG, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 6, 1958—Decided January 10, 1958.

Before Judges CLAPP, JAYNE and SCHETTINO.

*Mr. Harry W. Craig,* appellant, *pro se.*

*Mr. I. V. DiMartino,* Assistant Prosecutor, for the respondent (*Mr. Mitchell H. Cohen,* Camden County Prosecutor, attorney).

The opinion of the court was delivered by

JAYNE, J. A. D. The defendant and two confederates were indicted at the 1954 term of the Camden County grand jury for breaking and entering on December 19, 1954 the building of the General Oil Company in the Township of Delaware, and charged by the allegations of a separate indictment with having in their possession on that date

"* * * certain tools and implements, that is to say, one set of drift pins, one plumb sledge hammer, one twelve inch screw driver, one 48 ounce sledge hammer, two Lennox hacksaw blades, two cold chisels and one wrecking bar, adapted and designed for cutting through forcing and breaking open buildings, rooms, vaults, safes and other depositories of property, in order feloniously to steal, take and carry away from the owner thereof any money and other property found therein; they, the said William E. Colwell, Harry Craig and Julius Mang then and there well knowing the aforesaid tools and implements to be adapted and designed for the purpose aforesaid, and with intent on their part to use and employ the same for such unlawful purposes, contrary to the provisions of *N. J. S.* 2A:94-3, and against the peace of this State, the Government and dignity of the same."

On March 21, 1955 the defendant and his abettors retracted their initial pleas of not guilty to the indictments and replaced them with pleas of *non vult.*

It was on April 14, 1955 that the defendant, who is the present appellant, was sentenced to serve consecutively terms of imprisonment of from five to seven years for the commission of each offense.

It transpired that the sentencing judge had been informed that the defendant was at large on probation for criminal misbehavior committed in the State of Pennsylvania. Ex-

pediency, which is sometimes called the science of exigencies, doubtless induced the judge to recommend that the defendant be forthwith returned to the proper authorities of Pennsylvania, there first to serve the remaining period of his interrupted imprisonment before his incarceration in the New Jersey State Prison.

Upon the discovery that this recommendation would evoke some legal confusion, the defendant was resentenced in the Camden County Court on April 20, 1955 without such qualifications consecutively to serve at once each of the terms of from five to seven years in the New Jersey State Prison.

Having unsuccessfully sought earlier in 1956 the issuance of a writ of *habeas corpus,* the defendant addressed on September 16, 1957 a motion to the Camden County Court pursuant to *R. R.* 3 :7–13, 15 for the correction, that is, actually, the nullification, of the separate sentence imposed upon him for the offense of possessing implements which he now asserts actually facilitated the commission of his crime of breaking and entering. *Vide, State v. Wines,* 47 *N. J. Super.* 235, 238 (*App. Div.* 1957).

The substructure of the motion is an effigy of that utilized in the previous applications for a writ of *habeas corpus.* The defendant's notion is that the unlawful possession of the adaptable instruments was merely an integrant of the function of breaking into the building of the Oil Company, and that the criminality stitched to the contemporaneous retention of the instruments was absorbed by the accomplishment of the paramount objective. Evidently the judge of the County Court was not impressed by the defendant's point of view. The motion was denied, resulting in the prosecution of the present appeal.

There are certain significant characteristics of the record which clearly indicate the principles of law appropriately to be applied. Perhaps foremost is the circumstance that the grand jury presented two separate indictments against the defendant accusing him in their unrelated literal composition of the commission of two distinct and independent crimes.

True, the availability of serviceable tools might materially facilitate the commission of statutory burglary, but so also might the possession of a concealed weapon, a quantity of nitroglycerine, or a package of inspiriting narcotic drugs. It might be advantageous to kidnap the watchman. Manifestly, they are essentially distinct crimes which are expressly diversified in our statutory law, and the one is not necessarily included in the other. *Cf. R. R.* 3:7-9(c).

Assuredly, an acquittal of the crime of breaking and entering would not necessitate an exoneration from guilt of the perpetration of any of the other crimes hypothetically mentioned merely because the commission of the latter offense was concomitant. The determinative test to be applied in resolving the issue of merger is whether a particular act involved in a single transaction is a distinct criminal affair or an integral part of the principal crime charged. *State v. Labato*, 7 *N. J.* 137 (1951); *State v. Leibowitz*, 22 *N. J.* 102 (1956); *State v. Mark*, 23 *N. J.* 162 (1957). Patently, the illegal possession of burglary paraphernalia is not a so-called ingredient implicating the "crime within a crime" relationship. *Cf. State v. Hill*, 44 *N. J. Super.* 110 (*App. Div.* 1957); *State v. Rose*, 41 *N. J. Super.* 434 (*App. Div.* 1956); *State v. Shelbrick*, 33 *N. J. Super.* 7 (*App. Div.* 1954).

Secondly, the defendant entered a plea of *non vult* to each of the two indictments. And so, viewing the intrinsic dissimilarity of the crimes alleged and the two voluntary pleas constituting the separate convictions, we fail to discern *on the face of the record* any illegality in the imposition of the sentence here challenged.

We do not agree that the conviction of the crime of breaking and entering absorbed by operation of law the conviction of the offense of unlawfully possessing the designated instruments.

The principles of law here applicable have expression in *State v. Byra*, 128 *N. J. L.* 429 (*Sup. Ct.* 1942), affirmed 129 *N. J. L.* 384 (*E. & A.* 1943); *State v. Louden*, 21 *N. J. Super.* 497 (*App. Div.* 1952); *State v. Compton*, 28 *N. J.*

*Super.* 45 (*App. Div.* 1953); *State v. Quatro,* 44 *N. J. Super.* 120 (*App. Div.* 1957).

The order denying the application is affirmed.