156 N.J. Super. 46 (1978)
383 A.2d 445
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT WHIPPLE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 18, 1978.
Decided January 31, 1978.
*48 Before Judges HALPERN, LARNER and KING.
Mr. Stanley C. Van Ness, Public Defender of New Jersey, attorney for appellant (Mr. Ronald B. Sokalski, designated counsel, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Simon L. Rosenbach, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
A jury convicted defendant of the armed robberies of two liquor stores on May 25, 1972, namely, Klotz Beverage Emporium (Klotz) and the Parkway Wine and Liquor Store (Parkway). Two of his confederates were also tried for the same offenses, and a third turned State's evidence and testified fully to what occurred before, during and after the robberies. We are here concerned only with the appeal by defendant Whipple.
The Parkway armed robbery involved defendant and his confederates robbing Aaron Melman and Harold Huschke, and assaulting Samuel Melman with a weapon. The Klotz armed robbery, which took place within one-half hour before the Parkway armed robbery, involved defendant and his confederates *49 robbing Philip Klotz[1] and assaulting Richard Player and Elijah Sapp with a weapon. The offenses, as charged in the separate counts, the victims involved and the sentences imposed on defendant can best be illustrated by the following:

(See Chart on Next Page)

*50
COUNT OFFENSE VICTIM WHIPPLE'S SENTENCE
 I Robbery A. Melman 6-8 years
 II Robbery while armed A. Melman 2-3 years concurrent
 with I.
 III Robbery H. Huschke 6-8 years concurrent
 with I.
 IV Robbery while armed H. Huschke 2-3 years concurrent
 with III.
 V Assault with weapon H. Huschke Dismissed by court.
 VI Assault with weapon A. Melman Dismissed by court.
 VII Assault with weapon A. Melman 2-3 years concurrent
 with I.
VIII Robbery P. Klotz t/a
 Klotz Beverage 6-8 years
 Emporium. consecutive to I.
 IX Robbery while armed P. Klotz, t/a 2-3 years concurrent
 Klotz Beverage with VIII.
 Emporium.
 X Robbery R. Player Dismissed by court.
 XI Robbery while armed R. Player Dismissed by court.
 XII Robbery P. Klotz 6-8 years concurrent
 with I.
XIII Robbery while armed P. Klotz 2-3 years concurrent
 with XII.
 XIV Assault with weapon P. Klotz Dismissed by court.
 XV Assault with weapon R. Player 2-3 years concurrent with I.
 XVI Assault with weapon E. Sapp 2-3 years concurrent with I.

*51 At the outset we point out that defendant did not testify, and that defendant's guilt as to both armed robberies was established beyond a reasonable doubt. He seeks a reversal of his convictions because (a) the trial judge denied his motion to sever the counts of the indictment as they related to the Klotz and Parkway armed robberies; (b) the armed robbery of Philip Klotz, individually (counts XII and XIII), should have been merged into the armed robbery of Philip Klotz, trading as Klotz Beverage Emporium (counts VIII and IX).
There is no merit to defendant's contention that the trial judge should have severed for trial the counts pertaining to each robbery. A motion for severance under R. 3:15-2 where there has been a joinder of offenses under R. 3:7-6 is addressed to the trial judge's sound discretion. State v. Manney, 26 N.J. 362, 368 (1958); State v. Cole, 154 N.J. Super. 138 (App. Div. 1977). We find no abuse of that discretion warranting intervention by us. State v. Rios, 17 N.J. 572, 584 (1955). The crimes here involved were clearly part of a common plan or scheme as evidenced by the fact that upon completion of the first robbery they hid the money they stole and immediately committed the second robbery. Their mode of operation was the same and the testimony of defendant's confederate, who testified to the details of both robberies, would have required unnecessary expenditure of time, effort and expense for the court, the State and the witnesses. More significantly, we perceive no resulting prejudice to defendant in view of the trial judge's instructions on the subject of separate verdicts. See State v. Baker, 49 N.J. 103 (1967), cert. den. 389 U.S. 868, 88 S.Ct. 141, 19 L.Ed.2d 144 (1967); State v. Coleman, 46 N.J. 16 (1965), cert. den. 383 U.S. 950, 86 S.Ct. 1209, 16 L.Ed. 2d 212 (1966); State v. Manney, supra.
However, we do find merit on the issue of merger with respect to the Klotz armed robbery. Klotz owned the liquor store and the money taken from the cash register in the front of the store, and the money taken from him in the *52 rear of the store. This was nothing more than a single transaction, motivated by the one criminal episode, which may not be fractionalized by the State in order to enhance defendant's punishment for a single crime.
Regardless of whether the "same evidence" test or the "same transaction" test is used, the convictions as to the robbing of Klotz merged. We recognize that the above tests have been loosely used and applied by attorneys and the courts in deciding issues of double jeopardy, merger, res judicata, collateral estoppel and issues of double punishment. This has led to confusion in the application of these principles when our goal should be fairness and fulfillment of reasonable expectations in the light of the constitutional and common law goals. State v. Cormier, 46 N.J. 494 (1966).
Our Supreme Court has recently recognized the confusion which existed in this area and has taken a giant step to eliminate the root-causes of the problem. Justice Pashman, in a unanimous decision of the court, adopted a "flexibility of approach" test which is worth repeating:
* * * Recognizing that these standards "were not absolute in nature, that the emphasis should be placed on underlying policies rather than on technisms, and that primary consideration should be given to factors of fairness and fulfillment of reasonable expectations," State v. Berry, supra, 41 N.J. [547] at 551; cf. State v. Currie, supra, 41 N.J. [531] at 539; State v. Gregory, supra, 66 N.J. [510] at 517; State v. Roller, supra, 29 N.J. [339] at 346; State v. Louf, 126 N.J. Super. 321, 338 (App. Div. 1973), aff'd in part and rev'd in part, 64 N.J. 172 (1973); State v. Ferrante, 111 N.J. Super. 299, 303 (App. Div. 1970), this Court has in recent years employed "a certain flexibility of approach" to determine whether two offenses are factually distinct. State v. Davis, supra, 68 N.J. at 81; State v. Bell, 55 N.J. 239 (1970); State v. Cormier, 46 N.J. 494, 504 (1966); State v. Berry, supra; State v. Currie, supra. This approach contemplates a multi-faceted analysis which would consider the nature of the offenses, the time and place of each offense, whether the evidence submitted as to one count of an indictment is necessary and/or sufficient to sustain a conviction under another count, whether one offense is an integral part of the larger scheme, the intent of the accused and the consequences of *53 the criminal standards transgressed. See State v. Davis, supra, 68 N.J. 69 at 81. [State v. Best, 70 N.J. 56, 62-63 (1976)]
Tested by these standards, there is no room for argument but that the armed robberies of Klotz arose at the same time and place, where part of one continuing criminal episode against him which contemplated robbing him of his moneys, whether such was done in the front or rear of the store. The criminal intent here cannot be fractionalized, hence a merger resulted and only one crime of armed robbery as to Klotz occurred. State v. Best, supra, at 62; State v. Craig, 48 N.J. Super. 276, 279 (App. Div. 1958). Thus, defendant should not be punished twice for the same offense. State v. Best, supra 70 N.J. at 60, and cases cited therein.
In view of the nature of the present offenses for which he was properly convicted, the sentences imposed were warranted (except as herein modified), and he has failed to show that the sentencing judge abused his discretion. State v. Tyson, 43 N.J. 411, 417 (1964), cert. den. 380 U.S. 987, 85 S.Ct. 1359, 14 L.Ed.2d 279 (1965).
In summary, the convictions and sentences on counts XII and XIII, having merged into counts VIII and IX, are vacated and set aside; except as so modified, the judgment below in all other respects is affirmed.
NOTES
[1] Defendant had been charged, convicted and sentenced separately for the armed robbery of Philip Klotz, trading as Klotz Beverage Emporium, and Philip Klotz, individually.