STATE OF HAWAII, Plaintiff-Appellee, *v.* VILI SALUA
FAATEA, also known as Joe Sefo, Defendant-Appellant

NO. 7875

(CRIMINAL NO. 53648)

JULY 21, 1982

RICHARDSON, C.J., NAKAMURA, JJ.,
RETIRED JUSTICE MARUMOTO, ASSIGNED IN PLACE OF
LUM, J., EXCUSED, RETIRED JUSTICES OGATA AND MENOR
ASSIGNED TEMPORARILY

*Per Curiam.* The defendant Vili Salua Faatea was convicted of
five counts of robbery in the first degree pursuant to HRS § 708-
840(1)(b)(ii). He was sentenced to an extended prison term of life
without the possibility of parole for a period of ten years based on
the trial court's finding that the defendant was a multiple offender.
He appeals.

The facts of this case are not in dispute. On the morning of
September 17, 1979, the defendant and a companion entered the
accounting office of the Ramada Inn. Among those present in the
office at that time were Carleton E. Hardin, Jr., assistant manager at
the Ramada Inn; Clarence P. Palenapa, front desk clerk; Emma
Keawe-Aiko, accounting clerk; Teresa M. McGraw, senior accoun-
tant; and Patricia K. Utz, director of personnel. The defendant
pointed a gun at Hardin's head and said, "[E]veryone down on the
floor. [T]his is a holdup." The people were warned to stay down on
the floor or their heads would be "blown off." The two escaped with
the hotel's weekend receipts and a box containing petty cash. The
total amount of money taken was approximately $25,000. The de-
fendant was charged in a five-count indictment with robbing each of

the foregoing individuals.

On this appeal, the defendant contends that he was erroneously prosecuted, convicted, and sentenced for multiple counts of robbery based on the single incident described above. The robbery statute under which he was charged provides as follows:

§ 708-840 *Robbery in the first degree.* (1) A person commits the offense of robbery in the first degree if, in the course of committing a theft:

\* \* \* \*

> (b) He is armed with a dangerous instrument and:
>
> \* \* \* \*
>
> > (ii) He threatens the imminent use of force against the person of anyone who is present with intent to compel acquiescence to the taking of or escaping with the property.

The State contends that the phrase "threatens the imminent use of force against the person of anyone who is present" justifies the multiple-count indictment and conviction returned against the accused. The defendant, on the other hand, argues that in order for an incident to give rise to multiple-count robbery *convictions,* there must exist multiple thefts and not just multiple aggravating circumstances. He points out that all the money asked for and taken belonged to Ramada Inn and that none of the five people threatened in separate counts of the indictment was asked for or gave up his personal property.

This court has held that robbery is merely an aggravated form of theft, *State v. Brighter,* 62 Haw. 25, 608 P.2d 855 (1980), and inasmuch as there was but one act of theft here, from one owner, we are constrained to hold that the defendant could be convicted and sentenced for but one robbery offense. The theft was of Ramada Inn property, and each of the five employees named were simply custodians of the property for the benefit of their employer. The threatened use of force was directed against all five for the purpose of effectuating the unlawful taking of their employer's property. It was this threat which converted the taking from theft to robbery. Thus, there was only one aggravated theft (robbery) for which a sentence could be imposed.

We note that other courts have reached the same results. *See State*

*v. Canty,* 469 F.2d 114 (D. C. Cir. 1972) (holding that the robbery of each of four bank tellers did not constitute a separate "taking" within the meaning of the federal bank robbery statute and therefore defendant could not be convicted on four counts of robbery based on a single incident); *People v. Nicks,* 23 Ill. App.3d 435, 319 N.E.2d 531 (1974) (holding that where the defendant robbed a store owner and two cashiers, separately, but all in one transaction, he could only be convicted of one count of armed robbery); *Rogers v. State,* 396 N.E.2d 348 (Ind. 1979) (holding that the defendant was improperly convicted on two counts of robbery of a grocery store despite the fact that money was taken from two employees); *Williams v. State,* 395 N.E.2d 239 (Ind. 1979) (holding that an individual who robs a business establishment, taking that business's money from four employees, can be convicted of only one count of armed robbery); *State v. Potter,* 285 N.C. 238, 204 S.E.2d 649 (1974) (holding that when the lives of all employees in a store are threatened and endangered by the use or threatened use of a firearm incident to the theft of their employer's money or property, a single robbery is committed); *State v. Whipple,* 156 N.J. Super. 46, 383 A.2d 445 (1978) (holding that the defendant's robbery of a liquor store and its owner constituted but a single transaction, which could not be fractionalized to enhance the defendant's punishment for a single crime).

We reverse and remand with instructions to the trial court to enter judgment of conviction against the defendant for a single offense of robbery. All five counts are to be treated as one single count for the purpose of entering a new judgment and sentence.

Reversed and remanded.[1]

*Edmund K. U. Yee (Yamamoto & Yee,* of counsel) for defendant-appellant.

*Peter B. Carlisle,* Deputy Prosecuting Attorney for plaintiff-appellee.

---

[1] We find the defendant's other specifications of error to be without merit.