STATE OF HAWAII, Plaintiff-Appellee, *v.* WAYNE MORI CROWELL, also known as Harold Hamamura, Dwayne Moore Crowell and Keith, Defendant-Appellant

NO. 9733

(CRIMINAL NO. 57156)

AUGUST 21, 1985

BURNS, C. J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C. J.

A jury found defendant Wayne Mori Crowell guilty of first degree robbery[1] of the Kaneohe Baskin-Robbins on March 12, 1982 (count I) and of the Ruffage and Juice Factory on March 30, 1982 (counts III and IV) and second degree robbery of the Kailua Baskin-Robbins on March 15, 1982 (count II). Crowell appeals.

---

[1] Hawaii Revised Statutes § 708-840(1)(b)(ii) (Supp. 1984) provides:
§708-840 Robbery in the first degree. (1) A person commits the offense of robbery in the first degree if, in the course of committing theft:

\* \* \*

(b) He is armed with a dangerous instrument and:

\* \* \*

(ii) He threatens the imminent use of force against the person of anyone who is present with intent to compel acquiescence to the taking of or escaping with the property.

I.

Crowell contends that the trial court erroneously instructed the jury as follows:

Where there is no evidence that a gun used in a robbery was loaded or capable of being fired, you may but are not required to infer that the gun was loaded, capable of discharging loaded ammunition, and capable of inciting the harm threatened by the robber in his actions.

Crowell contends that under *State v. Padilla*, 57 Haw. 150, 552 P.2d 357 (1976), the instruction should have been worded as follows:

Where there is no evidence that a gun used in a robbery was not loaded or was not capable of being fired, you may but are not required to infer that the gun was loaded and capable of being fired.

We disagree with both instructions.

Here, as to count I, the handgun allegedly used in the March 12, 1982 robbery was never recovered. However, the evidence allowed the jury to find that the handgun was a real, and not a toy, gun. Once the jury validly made that finding, it was then permitted to make the *Padilla* inference that the handgun was operable and loaded and that it was a dangerous instrument as defined in HRS § 707-700(4)(1976).

Although a literal reading of *Padilla* supports him, we disagree with Crowell's position that the mere introduction of evidence that the gun was not operable or not loaded precludes the making of the *Padilla* inference. The jury is entitled to disbelieve such evidence. It is only when the jury finds such evidence credible that the jury is precluded from making the *Padilla* inference. In other words, if the jury validly finds that the real handgun used during the robbery was not operable or not loaded, then it may not infer that the handgun was operable and loaded and that it was a dangerous instrument as defined in HRS § 707-700(4)(1976). Otherwise, it may so infer.

The problem with the trial court's instruction is that it erroneously allowed the making of the *Padilla* inference in the absence of a valid finding that the handgun was real.

However, the dispositive issue is, whether when read and considered as a whole the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading. *State v. Halemanu,* 3 Haw. App. 300, 650 P.2d 587 (1982). Our answer is no.

Our answer is based on the fact that the jury was properly instructed that to find Crowell guilty of first degree robbery it had to find beyond a reasonable doubt that Crowell was armed with a dangerous instrument; that an instrument is dangerous if the manner in which it is used or threatened to be used is capable of producing death or serious bodily injury; and that serious bodily injury means bodily injury which creates a substantial risk of death or which causes serious permanent disfigurement or protracted loss or impairment of the function of any bodily member of organ.

## II.

Crowell contends that the trial court erred in denying his pre-verdict and post-verdict motions for dismissal of count IV. We agree. Counts III and IV relate to the March 30, 1982 robbery of the Ruffage and Juice Factory's property from two of its employees. The prosecution alleged a separate count for each employee.

The prosecution claims that in a case involving one robbery but multiple victims *State v. Faatea,* 65 Haw. 156, 648 P.2d 197 (1982), permits one robbery count for each victim and if the jury finds the defendant guilty of more than one count, to treat the counts as one robbery conviction for purposes of the sentence and the judgment. We disagree. The remedy applied in *Faatea* did not change its substantive holding.

*Faatea* holds that no matter how many victims are involved in a robbery there are no more robbery offenses than there are owners.[2] Thus, a theft of the property of one business entity from the custody of five of its employees is but one robbery, not five. We know of no valid reason why the prosecution should be entitled to charge a defendant with multiple robbery counts when only one

---

[2] *Faatea* used the word "owner" in the dictionary sense, not as defined in Hawaii Revised Statutes § 708-800(13) (1976).

robbery occurred. On the contrary, allowing the prosecution to charge multiple counts of robbery when only one robbery occurred makes it appear that the defendant is alleged to have committed multiple robberies, allows the prosecution to go to the jury with more counts than there are crimes, and facilitates the kind of confusion present in *State v. Correa*, 5 Haw. App. 644, 706 P.2d 1321 (1985). Consequently, we hold that the prosecution is entitled to charge only one count per robbery,[3] not one count per co-victim of the robbery and that the trial court erred in denying Crowell's motions to dismiss count IV.

### III.

We find no merit in Crowell's other points on appeal.

### IV.

We affirm the sentence and judgment with respect to counts I, II, and III. We vacate the sentence and judgment with respect to count IV and remand for dismissal of count IV.

*Stephen T. Hioki* for appellant.

*Willard J. Peterson*, Deputy Prosecuting Attorney, for appellee.

---

[3] The substantive allegation would be that Crowell, while in the course of committing theft and armed with a dangerous instrument, threatened the imminent use of force against one or more persons present with intent to compel acquiescence to the taking of or escaping with the property.