735 P.2d 984 (1987)
112 Idaho 672
STATE of Idaho, Plaintiff-Respondent,
v.
Danny Lee OLIN, Defendant-Appellant.
No. 16709.
Supreme Court of Idaho.
March 17, 1987.
*985 Gregory C. Pittenger, McCall, for defendant-appellant.
Jim Jones, Atty. Gen., and Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.
PER CURIAM.
This case is before us on petitions for review of the judgment and opinions of the Court of Appeals, State v. Olin, 111 Idaho 516, 725 P.2d 801 (Ct.App. 1986). As noted by Judge Burnett in the lead opinion, there were divergent views among the membership of that court. Judges Burnett and Swanstrom were generally in agreement that a defendant's requested change in a given instruction should have been made, but one of the two believed the failure to do so was harmless error. Chief Judge Walters was of the view that the instructions as given were correct and were sufficient even with refusal of the change requested by defendant. Judge Walters saw no "need to lend any new definition to our robbery statute," and pointed to the significance of no change in the definition since the territorial legislature's 1864 definition. Judge Swanstrom was also generally in agreement with Chief Judge Walters in that regard, stating that he saw no discernible difference between the specific "intent to take" the property of another, as against the "specific intent" to deprive another his property  and, hence, the semantical question narrowed down to the relative importance of the word "permanently."[1]Olin, supra, 111 Idaho at 534, 725 P.2d at 819.
All three opinions from the Court of Appeals are well fortified by an abundance of authority, much of it concerned with tracing the history of the crime of robbery as it was known and understood under the common law.
It was a purpose of the 1864 territorial legislature to define and codify offenses which had existed under the common law. Section 151 of the Criminal Practice Act of 1864 made provision for the continued recognition of common law offenses which were not therein recognized and enumerated. That section was carried on over into and after statehood. It provided in pertinent part:
All offenses recognized by the common law as crimes and not herein enumerated are punishable, in case of felony, by imprisonment in the state prison for a term not less than one year nor more than five years; and in case of misdemeanors, by imprisonment in the county jail for a term not exceeding six months or less than one month, or by fine not exceeding $500, or both such fine and imprisonment.
Robbery was not within the scope of continued recognition of common law offenses under that provision, robbery having been specifically defined, as noted by the Court of Appeals, Olin, supra, 111 Idaho at 519, 725 P.2d at 804.
The Territorial Supreme Court had almost the identical question before it in People v. Butler, 1 Idaho 231 (1869), the only distinction being that there the statutory definition of robbery came under scrutiny not in an instruction context, but rather in a challenge to the indictment. In addition to reading the opinion in that case, we have examined the original file in order to have before us the full content of the charge laid in the indictment, which was:
*986 The said John Butler on the 29th day of September A.D. 1868, at the County of Ada in the Territory of Idaho, in and upon one E.C. Baird, feloniously did make an assault, and the said E.C. Baird in bodily fear, and danger of his life feloniously did then and there put, and Sight United States, legal tender Treasury notes of the denomination of twenty Dollars each, and of the value of twenty Dollars each of the lawful money of the United States, amounting to the sum of One hundred and sixty Dollars of the lawful money of the United States, then and there the personal property of the said E.C. Baird, from the person, and against the will of the said E.C. Baird, feloniously and by force and violence, did then and there rob take and carry away.
Contrary to the Statute in such case made and provided, and against the peace and dignity of the people of the United States of the Territory of Idaho:
The 1864 statute is set out in the printed opinion, 1 Idaho at 234, and was in material respects the same then as now. It then read: "Robbery is the felonious and violent taking of money, goods, or other valuable thing from the person of another by force or intimidation."[2]
The contention on appeal was that the indictment "nowhere shows [alleges] `the intent of the defendant to steal or rob.'" The Court's answer was direct and concise:
This point is not well taken; we think the intent of the defendant to steal or rob clearly and sufficiently appears in the indictment. It charges first a felonious assault upon the person robbed, by the defendant putting him feloniously in bodily fear, thereby the feloniously and violent robbing, taking and carrying away by defendant from his person of the property. The words "felonious" and "rob" carry with them the intent, and are sufficient. Butler, supra, 1 Idaho at 234 (emphasis added).
Similarly, it is today the concensus of this Court that the instructions in the case sufficiently informed the jury. The jury was instructed in the language of the robbery statute, and the defendant was charged with having robbed. We believe, as did that earlier Court in 1869, that where the charge is robbery, the words "felonious" and "rob" carry with them the intent to steal and take away.
Given Instruction No. 26, found at 111 Idaho at 532, 725 P.2d at 817, clearly informed the jury that as to a robbery charge, no crime was committed unless the evidence showed specific intent to take personal property in the possession of another from his person or immediate presence. This language would certainly enable any reasonably-minded juror to understand that the person charged in terms of robbing feloniously was thereby depriving a person of his property. That instruction also included language of required specific intent that the person charged used means of force or fear to overcome the will of the victim.
The People's brief in Butler relied upon the then fairly recent case of Turner v. State of Ohio, 1 Ohio 422 (1853)  also an appeal from a robbery conviction. One point which comes out of that opinion is a statement to the effect that crimes in Ohio are only those statutorily defined, as witnessed by this statement: "Now, as we have no common law offenses... ." 1 Ohio at 426. Robbery, then, is not a common law offense in either Idaho or Ohio, or, otherwise put, it is specifically a statutory offense in both states.
Under an Ohio statute, in these words, "If any person shall forcibly and by violence, or by putting in fear, take from the person of another, any money or personal property of any value whatsoever, with intent to steal or rob, every person so offending shall be deemed guilty of robbery, & c," Turner, supra, 1 Ohio at 424, that court held, after quoting from the opinion of Lord Mansfield in Donnelly's case, 1 Leach 229:
It thus appears that the well settled legal meaning of the words, at the time they were taken from the common law and carried into the statute, were exactly *987 as comprehensive as that put upon them by the court below; and we are of opinion it would be doing violence to the words, as well as the obvious intention of the Legislature, to give them a more restricted application; while it would render the statute entirely impotent for the punishment of the greatest offenders. Turner, supra, 1 Ohio at 425-26.
The conclusion is irresistible that when the common-law definition or understanding of the offense of robbery was replaced by the 1864 legislature, the words "rob," "robbery," "taking of property," "taking from the person of another," and "felonious taking" were sufficient to carry with them the specific intent to take and permanently deprive as an element of the crime, and it was implicit in the common understanding of all those words that the conduct was not intended to be anything but permanent. We see no reason to undermine or disagree with the views of the Idaho Territorial Court which first considered the first statutory definition of robbery, which has continued with only an insignificant style change made in the publication of the 1887 Revised Code.
After statehood, in 1912, this Court noted that the essence of robbery is that the felonious taking of another's personal property is that it is done by means of force or fear. The crime charged (robbery) was that the defendant:
did then and there and by means of said fear inspired in the said Efton Carr as aforesaid, willfully, unlawfully and feloniously take, steal and carry away from the person of the said Efton Carr, and against the will of him, the said Efton Carr, certain personal property then and there being in the possession of and on the person of the said Efton Carr, to wit, eight dollars in silver coin, lawful money of the United States of America and of the value of eight dollars. State v. Brill, 21 Idaho 269, 272, 121 P. 79, 79 (1912).
The robbery statutory definition by that time was codified in § 6590 Rev. Codes, reading exactly as it has since 1887 and does until this day. The Court observed that: "The crime charged in said information is clearly and distinctly set forth in ordinary and concise language and in such manner as to enable the defendant to know with just what crime he was charged." Id. at 273, 121 P. at 80. It would seem inescapable that where, as it has been held, the language used in an indictment was sufficient to enable the defendant to know the elements of the crime with which he was charged, it also was sufficient to inform the jury as to the elements of the crime that had to be established by the prosecution's case. There was in the Brill case no challenge by the defendant raising any contention that the jury should have been instructed that it must find an intent "to deprive" the victim of the eight dollars in silver coin, or "to permanently deprive." Had there been, then this language of the Court in that case would have been appropriate:
[E]ven though an instruction is erroneous and ordinarily the error would be material, yet if the evidence of the defendant's guilt is satisfactory, that is, such as ordinarily produces moral certainty, or conviction in an unprejudiced mind, and the result would not have been different had the instruction been omitted, the case will not be reversed because of such erroneous instruction. Id. at 275-76, 121 P. at 80-81.
Justice Ailshie, writing a separate concurrence, and citing abundant authority, did write apropos to the present opinions of the Court of Appeal:
Although the crime of robbery includes the crime of larceny, a jury would not be justified in returning a verdict against a defendant, finding him guilty of larceny where he is charged with robbery, unless the information is also sufficient in terms to charge the specific offense of larceny under sec. 7045, as well as the crime of robbery, under sec. 6590. Id. at 276-77, 121 P. at 81 (Ailshie, J., concurring).
Without advancing any endorsement or rejection of that statement  other than that it might be of guidance to prosecutors  and having in mind the recent redefining of larceny by the legislature, we leave that question to another day.
*988 The judgment of the district court is reinstated and affirmed. The conclusions drawn in the opinions of the Court of Appeals, only insofar as inconsistent herewith, are to be disregarded.
No costs awarded in this Court.
NOTES
[1] The court refused defendant's requested amendment to the instructions so as to include the adverb "permanently" in connection with a taking, i.e., depriving another person of his property:

[O]n Instruction Number 26, I would ask the court to include in the definition of the crime of robbery, that the specific intent necessary to constitute the crime of robbery is the specific intent to permanently deprive the person of that property.
... .
THE COURT: I will decline that request... . Tr., pp. 298-99.
[2] In the 1887 Revised Code, the legislature slightly changed the 1864 language so that it thereafter read as noted in the Court of Appeals opinion: "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence and accomplished by means of force or fear."