988 P.2d 710

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Martin Arturo MARTINEZ, Defendant–Appellant.**

**No. 24910.**

Court of Appeals of Idaho.

Sept. 3, 1999.

Review Denied Nov. 16, 1999.

Alan E. Trimming, Ada County Public Defender; Michael R. DeAngelo, Deputy Public Defender, Boise, for appellant. Michael R. DeAngelo argued.

Hon. Alan G. Lance, Attorney General; L. LaMont Anderson, Deputy Attorney General, Boise, for respondent. L. LaMont Anderson argued.

SCHWARTZMAN, Judge.

A jury found Martin Arturo Martinez guilty of robbery, I.C. § 18–6501. On appeal, Martinez argues that his conviction should be reversed on the ground that the evidence was insufficient to sustain a conviction for robbery where his use of a weapon to threaten store employees occurred after he had committed theft. Martinez also argues

that the trial court abused its discretion by imposing a unified twenty-year sentence with five years fixed. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

At approximately 9:00 p.m., Martinez and a companion, Juan Lopez, were in the electronics department of the ShopKo store on Broadway Avenue in Boise. Martinez picked up a Sony Playstation machine and peeled the Electronic Article Surveillance (EAS) tag from the box. Martinez placed the Sony Playstation in a shopping cart pushed by Lopez. Martinez also picked up a pair of headphones, removed the EAS tag and placed them in the cart. Edward Fritz, the store's loss prevention officer, observed Martinez's activities through the store's video surveillance system. Fritz watched as the two left the electronics department through the store's EAS detector. The detector did not sound as the cart was pushed through, indicating to Fritz that the EAS labels had been removed. Fritz followed the shopping cart on the surveillance system as Lopez pushed it through the store and out the pharmacy entrance to the parking lot outside. Neither Martinez nor Lopez paid for the merchandise before leaving the store.

Before Martinez and Lopez left the store, Fritz called the store manager, Steve Seibold, and requested help in intercepting the two outside the store. Seibold called two other store employees to assist him. Seibold met Martinez and Lopez just off the sidewalk in front of the pharmacy entrance. Seibold identified himself as ShopKo security and asked the two to step back inside the store. When Fritz and another employee arrived on the scene, Seibold and two other employees were standing about five feet from Martinez and Lopez, blocking their way. Fritz, identifying himself as ShopKo security, asked Martinez and Lopez to accompany him back to the store. When Fritz then grabbed Lopez's

shoulder to escort him into the store, Lopez released the cart and offered no resistance.

At this point, Martinez, who was not restrained, pulled out a revolver. Holding the gun at waist level, he pointed it at the five ShopKo employees surrounding him and told Lopez to run. Fritz released Lopez and began backing away with the other employees towards the store. Lopez ran while Martinez grabbed the Sony Playstation from the cart and followed.

A copy of the surveillance system videotape showing Martinez and Lopez shoplifting was aired on the local news. Within two days of the broadcast, Lopez turned himself in to the police. Lopez admitted to stealing the Sony Playstation with Martinez and talked about Martinez's use of the gun.

Martinez was charged with and subsequently arrested for robbery, I.C. §§ 18–6501, –6502, enhanced by possession of a deadly weapon during the commission of a felony, I.C. § 19–2520. At the jury trial, Fritz, Seibold, another ShopKo employee, and Lopez all testified on behalf of the State. The sentence enhancement for possession of a deadly weapon during the commission of a felony was dismissed.[1] The jury returned a verdict finding Martinez guilty of robbery, and he was thereafter sentenced to a unified term of twenty years with five years fixed.

## II.

## THERE IS SUBSTANTIAL AND COMPETENT EVIDENCE UPON WHICH THE JURY COULD FIND BEYOND A REASONABLE DOUBT THAT MARTINEZ WAS GUILTY OF ROBBERY

### A. Standard Of Review

Appellate review of the sufficiency of the evidence is limited in scope. Findings of fact supported by substantial and competent evidence will not be set aside on appeal. *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct.App.1985). We will not substitute our view for that of the trier of fact as to

1. The gun used by Martinez was not recovered by the police, and no evidence was presented at

trial to show that the gun was operable.

the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct.App.1991); *Decker*, 108 Idaho at 684, 701 P.2d at 304. Moreover, we will consider the evidence in the light most favorable to the prevailing party. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *Decker*, 108 Idaho at 684, 701 P.2d at 304.

**B. Analysis**

 Idaho Code § 18–6501 defines robbery as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Robbery requires the intent to both take the victim's property by use of force or fear and to permanently deprive the victim of the property. *State v. Belue*, 127 Idaho 464, 466, 902 P.2d 489, 491 (Ct.App. 1995). Idaho follows the common law in treating robbery as a form of aggravated larceny. *State v. Olin*, 111 Idaho 516, 520, 725 P.2d 801, 805 (Ct.App.1986), *affirmed on other grounds by State v. Olin*, 112 Idaho 673, 735 P.2d 984 (1987). Robbery consists of all the elements of larceny plus two additional elements: taking accomplished by means of force or fear and from the person or presence of another. *Olin*, 111 Idaho at 517, 725 P.2d at 802.

Martinez asserts that use of force or fear constitutes robbery only if it is used prior to or concurrently with the physical act of taking the property and that use of such as a means to facilitate escape or to retain possession of the property does not support a charge of robbery. Martinez relies upon the fact that he and Lopez had already taken the Playstation and left the store before ShopKo employees confronted them in the parking lot. Thus, Martinez argues that no robbery could have taken place, as a matter of law, because he did not use force or fear in initially obtaining physical possession of the Playstation and that the taking was not from the immediate presence or person of anyone.[2]

We reject this contention within the factual context outlined below.

At trial, Lopez testified as to what took place in the ShopKo parking lot:

Q What happened when you got outside the store?

A What I remember, we got outside. And I seen people coming towards us. They yelled out something. I guess they said like, "ShopKo Security." *They surrounded us. I let go of the cart.* They had me like this.

Q They had ahold of you?

A Yeah. They had me by the shoulders, like this, and they wanted us to go inside.

Q What happened next?

A I was sitting there with my head down, and I looked up at Gadget [Martinez's nickname]. And then all of a sudden I just seen him unzip his jacket, pull out something. He had something in his hand. Those people released me. He told me to run. I ran.

. . . .

Q Now, when the ShopKo employee grabbed ahold of you right at first, were you going to run or give up?

A I was going to give up. What could I do?

(Emphasis added.).

Williams, a clerk whom Fritz had asked to assist him, testified that Martinez and Lopez had been detained with the shopping cart containing the Playstation. Martinez then pulled a gun from his pants and pointed it at the ShopKo employees. As Williams and the other employees backed away, Martinez picked up the Playstation and ran after Lopez. Seibold offered similar testimony.

 Given the above testimony, a reasonable jury could have concluded that Martinez committed robbery when he used his gun to *regain* possession of the Playstation after Lopez had been detained and surren-

---

**2.** Martinez cites to the case of *State v. Handburgh*, 119 Wash.2d 284, 830 P.2d 641 (1992), for this proposition of law.

dered control of the shopping cart to Fritz.[3] If one who is in the process of stealing property uses force or fear in removing that property from the owner's immediate presence, the crime of robbery has been committed. *People v. Anderson,* 64 Cal.2d 633, 51 Cal.Rptr. 238, 414 P.2d 366, 369 (1966).[4] It is generally accepted that "a thing is in the [immediate] presence of a person, in respect to robbery, which is so within his reach, inspection, observation or control, that he could, if not overcome by violence or prevented by fear, retain his possession of it." *People v. Hayes,* 52 Cal.3d 577, 276 Cal.Rptr. 874, 802 P.2d 376, 406–07 (1990), *quoting Commonwealth v. Homer,* 235 Mass. 526, 127 N.E. 517 (1920); *see also,* W. LaFave and A. Scott, Substantive Criminal Law, § 8.11(c) (1986). Here, a reasonable finder of fact could easily conclude that the property in question, i.e., the Playstation, was not so distant as to be beyond the control and protection of the victim, Fritz, at the time force or intimidation was used, such that Fritz could have retained possession of the item and prevented its taking were it not for the actions of Martinez. Thus, when Martinez used a gun to force Fritz and the other ShopKo employees to back away so that he could grab the Playstation from the shopping cart, he took the Playstation from Fritz's immediate presence against his will by means of fear and a robbery was committed. I.C. §§ 18–6501, –6502.

Accordingly, we hold that substantial evidence exists in the record to support the jury's verdict.

## III.

## THE DISTRICT COURT PROPERLY EXERCISED ITS DISCRETION IN SENTENCING MARTINEZ TO A UNIFIED TERM OF TWENTY YEARS WITH FIVE YEARS FIXED FOR THE CRIME OF ROBBERY

■ Martinez asserts that his sentence is excessive. Where a sentence is within the

statutory limits, the appellant bears the burden of demonstrating that it is a clear abuse of discretion. *State v. Hedger,* 115 Idaho 598, 604, 768 P.2d 1331, 1337 (1989). A sentence may constitute a clear abuse of discretion if it is unreasonable upon the facts of the case. *State v. Broadhead,* 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992). A sentence is reasonable if at the time of imposition it appears necessary to achieve "the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). We conduct an independent review of the record and focus upon the nature of the offense and the character of the offender. *State v. Hernandez,* 121 Idaho 114, 118, 822 P.2d 1011, 1015 (Ct.App.1991); *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App. 1982).

■ For the purpose of sentencing review, this Court considers the minimum period of incarceration to be the probable measure of confinement. *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App. 1989). Martinez's minimum period of confinement is five years. Accordingly, Martinez must demonstrate that this five-year period was an abuse of the district court's discretion.

■ Upon a conviction for robbery, I.C. § 18–6503 provides for a term of imprisonment of not less than five years extending up to life. The instant offense was Martinez's third felony conviction and his first conviction for a violent crime. Martinez was a twenty-five year old man who had previously spent seven years in incarceration. At the time of the offense, Martinez had been out of prison

---

**3.** Both Idaho's civil shoplifting statute, I.C. § 48–704(b), and criminal willful concealment statute, I.C. § 18–4626(b), permit any merchant who has reason to believe that merchandise has been taken by a person in violation of the willful concealment or shoplifting acts to detain the person for the purposes of investigating the ownership of any goods or merchandise and recovering the property.

**4.** We note that California's robbery statute, Cal.Penal Code § 211 (West 1999), is the same as I.C. § 18–6501.

for one year, after completing a four-year sentence for first degree burglary and grand theft. He had also spent three years in a juvenile facility for stealing bicycles. At the time of sentencing, Martinez had pending charges for burglary and petit theft, a ten-year addiction to drugs and alcohol, and an erratic work record.

Based on Martinez's criminal history and the violent nature of this offense, the trial court concluded that Martinez was an extremely dangerous person and that the sentence imposed served the sentencing goals of protection of society and retribution. We agree and therefore find no abuse of discretion in the sentence imposed by the district court.

## IV.

## CONCLUSION

We affirm Martinez's judgment of conviction and unified sentence of twenty years, with five years fixed, for the crime of robbery.

Chief Judge PERRY and Judge LANSING, concur.