61 P.3d 636

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Edward Eric BEHRENS, Defendant–Appellant.**

**No. 27687.**

Court of Appeals of Idaho.

Jan. 2, 2003.

---

Molly J. Huskey, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant. Eric D. Fredericksen argued.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

LANSING, Chief Judge.

Edward Eric Behrens appeals from the judgment of conviction and sentence entered upon his conditional guilty plea to robbery. Behrens contends that the district court erred in denying his motion to dismiss the information for lack of probable cause because, he asserts, the preliminary hearing evidence does not show all of the elements of robbery. Behrens also contends that the district court abused its discretion by imposing an excessive sentence and denying his motion for reduction of the sentence.

## I.

### BACKGROUND

Behrens and his accomplice, James Chancellor, devised a scheme to steal money from

a Jack in the Box restaurant where they were both employed. They decided that Chancellor, who was the restaurant manager, would send Behrens home early from his shift and that Behrens would return shortly thereafter and stage a robbery. On the appointed night, after leaving early, Behrens returned at about 2:00 a.m. Chancellor and a co-worker, Curtis Spencer, were then standing outside the restaurant. Behrens ran up to them with a bandana covering his face and the hood of his sweatshirt over his head. Behrens grabbed Chancellor and, holding a knife to Chancellor's throat, ordered Chancellor and Spencer to enter the restaurant. Once inside, Behrens instructed Spencer to go into the walk-in cooler. With Spencer shut in the cooler, Behrens and Chancellor took all of the money from the cash registers and from a safe in an office area. Chancellor then went into the cooler as if he had been forced to do so, and Behrens left the restaurant with the money. Eventually, Spencer and Chancellor emerged from the cooler and contacted the police. During the police investigation, Chancellor confessed and identified Behrens as his confederate.

Behrens was charged with robbery, Idaho Code § 18–6501. He later moved to dismiss the charge on the ground that the preliminary hearing evidence did not show probable cause to believe that a robbery occurred. Behrens acknowledged that a theft was evidenced, but argued that certain elements of robbery were not satisfied because the money he stole was not taken from Spencer's possession, person, or immediate presence. The district court denied the motion. Behrens then entered a conditional guilty plea, reserving the right to appeal the denial of his dismissal motion.

The district court imposed a unified fourteen-year sentence, with a three-year minimum term. Behrens subsequently filed a motion to reduce his sentence pursuant to Idaho Criminal Rule 35, which the court denied. Behrens now appeals the denial of his motion to dismiss, the sentence imposed by the district court, and the court's denial of his Rule 35 motion.

## II.

### ANALYSIS

#### A. Motion to Dismiss

We first address Behrens' contention that the district court erred in denying his motion to dismiss the information for lack of probable cause. A finding of probable cause must be based upon "substantial evidence upon every material element of the offense charged." Idaho Criminal Rule 5.1. We will not disturb a finding of probable cause if, under any reasonable view of the evidence presented at the preliminary hearing, including permissible inferences, it appears likely that the offense occurred and that the accused committed it. *State v. Holcomb,* 128 Idaho 296, 299, 912 P.2d 664, 667 (Ct.App. 1995).

Robbery, the offense with which Behrens was charged, is defined as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Idaho Code § 18–6501. In this case, the State alleged that Behrens used force or fear to take money and checks from the immediate presence, and against the will, of Curtis Spencer. Behrens argues that the elements of robbery were not present because Spencer, who was in the restaurant cooler when Behrens and Chancellor emptied the cash registers and safe, did not "possess" the property that was stolen and the property was not taken from Spencer's "immediate presence."

Behrens' argument that Spencer was not in possession of the property is without merit. Courts addressing this issue have held, with apparent uniformity, that a robbery occurs when property is taken by force or fear from an employee of the property owner even though the employee had no ownership interest and was not in immediate physical control of the property. This is so because employees are custodians of the property on the business premises for the benefit of the owner/employer and therefore are deemed to be in constructive possession. *See People v. Nguyen,* 24 Cal.4th 756, 102 Cal.Rptr.2d 548, 14 P.3d 221, 224 (2000); *People v. Jones,* 82 Cal.App.4th 485, 98 Cal.Rptr.2d 329, 331

(2000); *People v. Borghesi*, 40 P.3d 15, 21 (Colo.Ct.App.2001); *State v. Faatea*, 65 Haw. 156, 648 P.2d 197, 198 (1982); *State v. Cottone*, 52 N.J.Super. 316, 145 A.2d 509, 513 (App.Div.1958); *Moorman v. State*, 577 S.W.2d 473, 475 (Tenn.Crim.App.1978); *Sullivan v. Commonwealth*, 16 Va.App. 844, 433 S.E.2d 508, 510 (1993); *State v. Collins*, 174 W.Va. 767, 329 S.E.2d 839, 844 (1984).

It is of no consequence that the employee may lack personal access to the property that is stolen, as where valuables are taken from a safe that the employee cannot open. In *Jones*, for example, the defendant attempted to steal money from the administrative office of a Kmart store by holding several employees at gunpoint and trying to gain access to the locked cash room, but none of these employees had the key to unlock the door. The defendant argued that he could not have committed an attempted robbery because the Kmart employees that he threatened neither owned nor possessed the cash he sought to steal. The California Court of Appeal held, however, that an attempted robbery had been committed regardless of the Kmart employees' inability to access the cash room. The court referred to "the longstanding rule that the employees of a business constructively possess the business owner's property during a robbery, *Jones*, 98 Cal.Rptr.2d at 331, and held that the employees had a "representative capacity to Kmart and a sufficient possessory interest in their employer's property to be the victims of appellant's attempted robbery." *Id.* at 332.

■ In the present case, Spencer, as an employee, was under a general obligation to safeguard the restaurant premises and contents, and he was therefore in "possession" of the property as against anyone who might attempt to steal it. It was Behrens' act of forcing Spencer into the cooler, by threatening violence, that prevented Spencer from safeguarding the money in the safe and cash registers and retaining possession for his employer.

■ Behrens' related contention, that the money was not taken from Spencer's "immediate presence" because Spencer was in the cooler and therefore could not reach or observe the money as it was being stolen, is also unpersuasive. In *State v. Martinez*, 133 Idaho 484, 988 P.2d 710 (Ct.App.1999), we stated that "a thing is in the [immediate] presence of a person, in respect to robbery, which is so within his reach, inspection, observation or control, that he could, if not overcome by violence or prevented by fear, retain his possession of it." *Id.* at 488, 988 P.2d at 714 (quoting *People v. Hayes*, 52 Cal.3d 577, 276 Cal.Rptr. 874, 802 P.2d 376, 406–07 (1990)). Therefore, the State must show only that the victim had sufficient control over the property that, absent violence or intimidation, the victim could have prevented the taking and retained control. *State v. Thomas*, 447 So.2d 1053, 1055 (La. 1984); *Rouse v. United States*, 402 A.2d 1218, 1220 (D.C.1979). Other courts have held that property was in a person's immediate presence even if it was located in another room in the house or another building on the premises. *See Hayes*, 276 Cal.Rptr. 874, 802 P.2d at 407; *State v. Loyd*, 810 So.2d 1214, 1219 (La.Ct.App.2002); *Cottone*, 145 A.2d at 513; *Fields v. State*, 364 P.2d 723, 726 (Okla. Crim.App.1961). Here, the money would have been within Spencer's reach and observation but for Behrens' act of forcing Spencer into the cooler. Accordingly, the money that was stolen was within Spencer's immediate presence for purposes of application of the robbery statute.

## B. Sentence

Behrens also contends that the district court abused its discretion by imposing an excessive sentence and denying his motion to reduce the sentence.

■ When a sentence is challenged on appeal, we examine the record, focusing upon the nature of the offense and the character of the offender, to determine if there has been an abuse of the sentencing court's discretion. *State v. Young*, 119 Idaho 510, 808 P.2d 429 (Ct.App.1991). The defendant bears the burden to show that the sentence is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation and retribution. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). A motion for reduc-

tion of a sentence under I.C.R. 35 is a plea for leniency, addressed to the discretion of the trial court. *State v. Allbee,* 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct.App.1989). In conducting our review of the denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde,* 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct.App.1987); *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984).

In imposing sentence on Behrens, the district court noted the violent nature of the crime and the court's primary responsibility of protecting society from Behrens' criminal behavior. Behrens has a substantial criminal history, including two felony convictions and a number of misdemeanors. For one of the previous felonies, he had been given the rehabilitation opportunity of the retained jurisdiction program but performed poorly, and jurisdiction was relinquished. While in custody awaiting trial and sentencing in the present case, Behrens was so disruptive that he was moved from a regular dorm cell to the jail's close custody unit. Given the seriousness of the current offense, which involved terrorizing an individual with a threat of violence, and given the evidence in the record of Behrens' character and poor rehabilitation potential, we conclude that Behrens' sentence is not excessive and that the district court did not abuse its discretion in denying the Rule 35 motion.

## III.

## CONCLUSION

The evidence presented at the preliminary hearing was sufficient to demonstrate probable cause to believe that Behrens took property belonging to the owner of the Jack in the Box restaurant from the possession and immediate presence of the restaurant's employee, Curtis Spencer, against Spencer's will and that Behrens accomplished this act by means of force or fear. Therefore, Behrens' motion to dismiss the charge for lack of probable cause was correctly denied by the district court. Behrens has not demonstrated an abuse of discretion in the imposition of his sentence or the denial of his Rule 35 motion for reduction of the sentence. Accordingly, the denial of the dismissal motion, the sentence, and the denial of Behrens' Rule 35 motion are affirmed.

Judge GUTIERREZ and Judge Pro Tem JUDD concur.